Herman Brunies, as owner of a certain building, located in the Parish of Jefferson, sought to evict Emile Morlet, who occupied the premises, where he operated a saloon and dance hall, called "The Wonder Bar." The action was brought under the provisions of Section 2155 of the Revised Statutes of Louisiana as amended and reenacted by Act 200 of 1936 (Dart's Statutes, Section 6597), which requires the owner of property to give the tenant ten days notice to vacate.
Defendant filed an exception of prematurity, which was overruled, and then answered denying that the required notice to vacate had been given and averring that the plaintiff-lessor had agreed verbally to give him one month's notice instead of ten days as required by the statute. This answer was signed and verified by the attorney for the defendant.
After a trial on the merits there was judgment in favor of the plaintiff, and, within the delay allowed by law, defendant petitioned the Court for a suspensive appeal to this court, which was denied. Whereupon the defendant applied to the Supreme Court for a writ of mandamus to compel the judge to grant the appeal. Inasmuch as the monthly rental was $200, the Supreme Court held that this court and not the Supreme Court had jurisdiction. The petition for mandamus was denied, reserving to defendant his right to apply to the proper court.
The defendant then filed his application for mandamus in this Court. It is opposed by plaintiff on the ground that defendant had not complied with Section 2157 of the Revised Statutes (Dart's Statutes Sec. 6599), in that he has not urged a special defense and upon the further ground that his answer was not sworn to by him, but by his attorney. A rule nisi was issued and the trial judge answered justifying his refusal to grant the appeal upon the grounds urged by plaintiff in opposition to the writ.
Revised Statutes, Section 2157, provides:
"No appeal from any such judgment (of eviction) shall suspend execution unless the defendant has filed a special defense, supported by his oath, that all the facts contained in his answer are true, and entitle him to retain the possession of the premises, and unless further, he give bond with good and sufficient security for all such damages as the appellee may sustain."
The defense set up by defendant, to the effect that plaintiff had agreed to give him thirty days notice, is a "special defense," but the question of whether the defendant himself must swear to it or whether the oath of his attorney is a sufficient compliance with the statute, is not so easily disposed of.
Relator contends that the provisions of Revised Statutes, Section 2157, in view of Rule 5(b) of § 1 of Act 27 of 1926, known as the Pleading and Practice Act, authorizes the verification by defendant's attorney. This act reads in part as follows:
"The petition or answer may be verified by the attorney of the party or parties in all cases." *Page 479 
It is said that this act necessarily changed the provision of the Revised Statutes requiring the oath of defendant in support of his defense, so that verification by his attorney was thereafter sufficient.
In Porteau v. Gluck, 149 La. 651, 89 So. 886, Chief Justice O'Niell, said:
"The question presented in this case is whether the requirement of article 840 of the Code of Practice, that a petitioner for a writ of mandamus shall make oath to the truth of the allegations contained in his petition, was repealed by the general provision of Act 300 of 1914 (page 613) that a petition or answer in a suit may be verified by the attorney of the party or parties in all cases."
In answering this question in the negative, he declared:
"There is no indication either in the title or in the body of the Act 300 of 1914 that the Legislature intended that the statute should repeal the rigid requirements of the Code of Practice for obtaining a writ of mandamus or other supervisory writ. The repealing clause of the statute merely declares that all laws and parts of laws in conflict with the provisions of the act are thereby repealed. The special requirements for pleadings in extraordinary proceedings, such as a suit for mandamus, as provided for in the Code of Practice, are not in conflict with the general requirements for verifying pleadings in ordinary proceedings, provided for in the Act 300 of 1914."
See, also, Bass v. Baskowitz, 170 La. 779, 129 So. 201.
Similarly, the eviction proceedings provided for in Revised Statutes Section 2155, as amended by Act No. 200 of 1936, are summary in nature, and must be said to be extraordinary and not ordinary proceedings. Doullut v. Rush, 142 La. 443, at page 452, 77 So. 110. Therefore, the special requirements for verification provided for in Revised Statutes, Section 2157 must be complied with.
For the reasons assigned the alternative writ of mandamus herein issued is recalled and relator's application rejected.
Writ of mandamus recalled.
Relator's petition dismissed.