BAILES, Judge.
By appropriate proceedings under the provisions of LSA-C.C.P. Article 4731 et seq., plaintiff instituted an action of eviction, a summary proceeding, against the defendant for the purpose of gaining physical possession of certain premises in East Baton Rouge Parish. After trial in the lower court, the judge a quo rendered an oral judgment ordering the defendant to deliver the subject premises to plaintiff. This judgment was pronounced on April 4, 1966. On the following day the defendant was granted an order of suspensive appeal. The appeal bond in the required amount was filed. The judgment of the trial court was ultimately reduced to writing and was signed on May 11, 1966. The matter is before us at this time on a motion to dismiss the appeal.
In his motion for dismissal the plaintiff sets forth the following grounds:
1. The defendant failed to verify under oath his answer wherein he set up certain affirmative defenses which would entitle him to a suspensive appeal, as required under LSA-C.C.P. Article 4735;
2. The appeal is premature because at the time the suspensive appeal order was signed by the trial court the judgment was not final for the reason it had not been reduced to writing and signed by the presiding judge;
3. The appeal was not applied for and the bond not filed within 24 hours after the rendition of the judgment of eviction; and
4. The appeal bond is of no effect because it does not impose upon the surety liability for damages for delay occasioned by this appeal.
We find no purpose to be served in considering the last three grounds urged by plaintiff in his motion because the first ground urged requires that we dismiss the appeal.
LSA-C.C.P. Article 4735 provides:
“An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspen-sive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damages as he may sustain as a result of the appeal.”
Assuming arguendo the sufficiency of the affirmative defense pleaded in his answer, the defendant failed to support the affirmative defense with his oath as required by Article 4735, quoted supra. The source of the above quoted procedural article is LSA-R.S. 13:4924, and prior thereto, Rev.St. 1870, § 2157. This source provided in part: “No appeal from any such judgment shall suspend execution unless the defendant has filed a special defense, supported by his oath, that all the facts contained in his answer are true, * * Heretofore the courts have consistently held this provision *706 required the defendant, personally, to make the oath in support of the special defense.
In the case of Brunies v. Morlet (1946) Orl.App., 28 So.2d 478, the defendant’s attorney verified the pleading wherein certain special defenses were raised. Therein the court held inasmuch as eviction proceedings are summary in nature and are extraordinary proceedings, the special requirement for verification provided for must be complied with. The special defense urged by the defendant must be sworn to by him personally, rather than by his attorney.
We find nothing in LSA-C.C.P. Article 4735 to indicate any change in this procedural aspect of the law. There is no discernible difference in the source section providing 11 * * * unless the defendant has filed a special defense, supported by his oath, * * and the provision of this Article which states “ * * * unless the defendant has answered the rule under oath, * *
In passing, it should be noted that the defendant has not presented’ us with any comment or argument addressed to this ground for dismissal of the appeal.
We, therefore, find the provision of LSA-C.C.P. Article 4735 which permits the defendant to appeal suspensively from a judgment of eviction provided he has answered the rule under oath (and pleaded an affirmative defense entitling him to retain possession of the premises) to be mandatory on the defendant, personally, and cannot be performed by his attorney, nor dispensed with under the provisions of LSA-C.C.P. Article 863.
Accordingly, the motion to dismiss this appeal is sustained, and it is ordered, adjudged and decreed that this appeal be dismissed, and that the judgment of the district court be executed in accordance with law. All costs are assessed against the defendant.
Motion sustained.