LANDRY, Judge.
Defendants, Leo Williams and Sophie Williams, have applied to this court for writs of certiorari, prohibition and/or mandamus directing the Honorable William M. Dawkins, Judge, Twenty-first Judicial District Court, Tangipahoa Parish, to grant applicants a suspensive appeal from the summary proceeding judgment of said trial court ordering applicants’ eviction from certain real property situated in Tangipahoa Parish. We find that the Honorable Trial Court properly denied applicants’ motion for a suspensive appeal because of applicants’ failure to timely file a verified affirmative defense to respondent’s eviction proceeding as required by LSA-C.C.P. Article 4735.
Plaintiff herein (respondent) filed an eviction proceeding against applicants on June 15, 1967, claiming ownership of subject property by virtue of a judgment of *457 possession rendered in the Succession of Jack Alexander recognizing and declaring plaintiff the sole heir at law of said decedent. A rule to show cause was directed to defendants and made returnable June 23, 1967. By consent, however, the rule was continued to June 30, 1967. During trial of the aforesaid rule, the lower court permitted defendants to file an answer thereto in which defendants, in substance, affirmatively asserted an undivided interest in the property in dispute by virtue of a reputed notarial act of donation executed by certain purported heirs of decedent Jack Alexander. Said answer was unverified. The trial court declined to permit introduction of the alleged donation and rendered judgment ordering applicants' eviction from the property in dispute.
Subsequent to the adverse judgment, defendants moved for a suspensive appeal which was objected to by plaintiff on the ground defendants had failed to support their affirmative defense with their oath as required by LSA-C.C.P. Article 4735. Thereupon counsel for defendants requested, and was granted, leave of court to withdraw defendants’ motion for a suspen-sive appeal. Counsel for defendants then filed a motion for new trial to which he appended a verification of the answer filed on defendants’ behalf during the trial of the eviction proceeding. Upon denial of the motion for new trial, counsel for defendants again moved for a suspensive appeal which- was denied by the trial court. This application for writs ensued.
The inherent nature of eviction suits requires such proceedings be conducted with dispatch in order to insure return of possession of the premises to the rightful owner or lessor with a minimum of delay. Consequently, to suspend execution of a judgment ordering eviction and thus defer return of possession to the lawful owner or lessor, defendant must comply literally with the provisions of law which expressly govern the taking of suspensive appeals in such proceedings. Otherwise, the entire effect of the judgment of eviction may be defeated and rendered virtually null and void.
The taking of a suspensive appeal from an order or judgment of eviction is governed by LSA-C.C.P. Article 4735, which provides as follows:
“An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of conviction. * * * ”
This application involves the sole question whether the foregoing authority makes the filing of a verified affirmative defense prior or during trial of the eviction suit, an indispensable prerequisite to a sus-pensive appeal in an eviction suit.
Counsel for applicants argues the requirements of the pertinent statute are satisfied by the filing of a verified affirmative defense any time prior to the taking of the appeal.
We find, however, the precise question herein presented has been decreed by our Supreme Court adversely to applicants’ contention.
In Audubon Hotel Co. v. Braunig, 119 La. 1070, 44 So. 891 (an eviction proceeding), defendants were ordered to show cause on October 7, why they should not be evicted from the premises involved, and on said date filed an unsworn answer to plaintiff’s petition. The case was argued and submitted to the Court on October 10, following which judgment ordering defendants’ eviction was rendered October 17, and signed October 22. Meanwhile, on October 19, defendants indorsed upon their previously filed answer a verification to the truth of the facts and defenses therein contained. On October 22, (after signing of the judgment of eviction) defendants applied for and were granted an order of both suspensive and devolutive appeal. *458 On October 23, however, plaintiff objected to the order granting defendants a suspen-sive appeal on the ground more than 24 hours had elapsed since the rendition of the judgment. In response to the application for writs, the trial court pointed out, inter alia, defendants’ answer was not sworn to until after the judgment of eviction was handed down.
In commenting upon defendants’ failure to file a sworn defense prior to rendition of judgment, the Supreme Court observed:
“In the case at bar the defense set up was not supported by the oath of either of the defendants, and their attempt to furnish such support, after judgment had been rendered against them, did not meet the requirements of the law. They were, therefore, not entitled to a suspensive appeal, and the court a qua was without authority to grant it.”
The Court followed the foregoing notation with a discussion of the obligation to- appeal such judgments within 24 hours of rendition and concluded it was the intent of the legislature that the trial court order execution of such judgments if not complied with within 24 hours, provided the defendant has not appealed suspensively within said time.
The following language of the Supreme Court appearing in the cited authority, makes it clear that the timely filing of a sworn affirmative or special defense is indispensable to the right of suspensive appeal in eviction proceedings:
“We, therefore conclude that, as the case is one in which, by reason of the failure of defendants to make a special defense, supported by affidavit, no sus-pensive appeal lies, the judge a quo was without authority to make on order granting such appeal, and did not, and could not, by such order, devest (sic) himself of jurisdiction to order the execution of the judgment of ejectment; that, even had defendants been otherwise entitled to such appeal, they lost that right by failing to apply therefor and by failing to give bond within 24 hours after the rendition of the judgment; and, finally, that, if the other conditions had existed, they failed to comply with the condition precedent to the taking effect of even a valid and competent order of appeal, by failing altogether to give the bond required by law, and necessarily contemplated by such order.”
We hold, therefore, that defendants herein having failed to answer plaintiff’s rule under oath pleading an affirmative defense prior to the rendition of the judgment of eviction herein complained of are not entitled to suspensive appeal.
It must be understood, however, that nothing herein contained prevents defendants from devolutively appealing the judgment of the lower court.
For the reasons hereinabove assigned, the application for writs of certiorari, prohibition and/or mandamus filed herein on behalf of defendants, Leo Williams and Sophie Williams, is denied at said applicants’ costs.
Writs denied.