ON MOTION TO DISMISS
Before REGAN, BARNETTE and GARDINER, JJ.
BARNETTE, Judge.
This is a summary proceeding for eviction of a tenant. It was heard on a rule to *785 show cause. The rule was made absolute and the defendant, Howard de la Hous-saye, was ordered to vacate the premises within 24 hours. The defendant immediately filed motion for appeal and the court granted a suspensive appeal to this court. Bond set at $2,000 was posted the same day.
The matter is now before this court on appellee’s motion to dismiss the appeal on the authority of LSA-C.C.P. art. 4735, which is as follows:
“An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspen-sive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.”
Appellant’s answer and opposition to the motion to dismiss were timely filed. He admits every allegation of fact in the motion to dismiss and denies only the allegations which are conclusions of law. There is therefore no issue of fact and the issues presented are questions of law only.
This is a summary proceeding, and we proceed to a disposition of the motion to dismiss the appeal summarily without waiting for the transcript of appeal to be filed.
In brief attached to appellee’s motion to dismiss, counsel for appellee said: “Defendant did set up an affirmative defense in the answer, but he clearly failed to file his answer under oath.” We are convinced from a reading of defendant’s answer to plaintiff’s petition for rule that he has not pleaded an affirmative defense, notwithstanding counsel’s apparent concession to the contrary. In his answer to the motion to dismiss the appeal filed in this court he asserts that he pleaded an affirmative defense in that he “ * * * affirmatively denied ever receiving notice to vacate * * This is a fallacious conclusion. His answer is no more than a categorical denial of plaintiff’s allegations which, by its very nature, is negative. We fail to find in any of defendant’s pleadings nor has his attorney pointed out in his brief a pleading of an affirmative defense. His only defense is based on his denial that he received the notice to vacate.
It is unnecessary to pursue this question further for the simple reason that the answer is not filed under oath. His answer concludes with an appropriate prayer and is signed by his attorney. Then follows a “Certificate of Service” signed by the attorney which is merely to the effect that a copy of the “foregoing answer” had been mailed to plaintiff’s attorney. There is no supporting affidavit nor any other instrument of attestation, under oath or otherwise, either attached to the answer or filed separately. The following excerpt from the Court’s opinion in Brewer v. Shiflett, 198 So.2d 74 (La.App.1st Cir. 1966), is particularly pertinent, at pp. 705-706:
“Assuming arguendo the sufficiency of the affirmative defense pleaded in his answer, the defendant failed to support the affirmative defense with his oath as required by Article 4735, quoted supra. The source of the above quoted procedural article is LSA-R.S. 13:4924, and prior thereto, Rev.St. 1870, § 2157. This source provided in part: ‘No appeal from any such judgment shall suspend execution unless the defendant has filed a special defense, supported by his oath, that all the facts contained in his answer are true, * * *.’ Heretofore the courts have consistently held this provision required the defendant, personally, to make the oath in support of the special defense.
“In the case of Brunies v. Morlet (1946) Orl. [La.] App., 28 So.2d 478, the defendant’s attorney verified the pleading wherein certain special defenses were *786 raised. Therein the court held inasmuch as eviction proceedings are summary in nature and are extraordinary proceedings, the special requirement for verification provided for must be complied with. The special defense urged by the defendant must be sworn to by him personally, rather than by his attorney.
“We find nothing in LSA-C.C.P. Article 4735 to' indicate any change in this procedural aspect of the law. There is no discernible difference in the source section providing ' * * * unless the defendant has filed a special defense, supported by his oath, * * * ’ and the provision of this Article which states ‘ * * * unless the defendant has answered the rule under oath, * * *.’ ”
In opposition to plaintiff’s motion, it is defendant’s contention that this court does not have jurisdiction to try the motion, but rather that jurisdiction still lies with the district court, citing Audubon Hotel Company v. Braunig, 119 La. 1070, 44 So. 891 (1907) and LSA-C.C.P. art. 2088. He also contends that he has complied with all the requirements of LSA-C.C.P. art. 4735 by virtue of his having been sworn as a witness on trial of the rule and denying, under oath, that he received any notice from plaintiff-appellee to vacate the premises.
In the first place we fail to find authority for appellant’s position in the cited case or LSA-C.C.P. art. 2088. On the contrary the Audubon Hotel case is entirely supportive of the conclusion we have reached. In the second place there is no merit in the argument that having testified under oath “affirmatively” denying that he ever received notice to vacate, he has met the requirement of LSA-C.C.P. art. 4735. As above stated this is not a pleading of an affirmative defense. Even if his denial could be so construed we will not agree that it meets the requirement of the codal article that the rule be answered under oath.
Finally, appellant contends that since the plaintiff filed in the district court a motion to dismiss the appeal coupled with his petition for rule to test the surety on the appeal bond, and on hearing of the rule, made no contention for dismissal of the appeal, he has abandoned it. We know of no authority to this effect.
The jurisdiction of the trial court was divested and the jurisdiction of this court attached upon the timely filing of the appeal bond, and the trial court thereafter had no jurisdiction in the matter except as to certain matters not pertinent to this case and to test the surety on the appeal bond. LSA-C.C.P. art. 2088. Appellant’s counsel argues that this case is an exception to the rule and that jurisdiction still remains in the trial court and we are without jurisdiction to dismiss the appeal. Apparently he relies upon the following language of the Supreme Court in the Audubon Hotel Company v. Braunig, supra, at p. 892:
“We therefore conclude that, as the case is one in which, by reason of the failure of defendants to make a special defense, supported by affidavit, no sus-pensive appeal lies, the judge a quo was without authority to make an order granting such appeal, and did not, and could not, by such order, devest himself of jurisdiction to order the execution of the judgment of ejectment; * *
We must reject this argument. If anything, it clearly supports a dismissal of the appeal erroneously ordered.
Clearly the defendant has no right to a suspensive appeal and the order of the trial court making the appeal suspensive was improvidently given.
A devolutive appeal was not requested nor ordered. The motion and order are specifically limited to a suspensive appeal.
The motion for dismissal of appeal is sustained and the appeal is hereby dismissed at appellant’s cost.
Appeal dismissed.