On Motion to Dismiss Appeal

En Banc.
PER CURIAM.
Plaintiff, London Properties, Inc., obtained a judgment of eviction against defendant L. C. (Cavit) Topakoglu, on November 10, 1969. The defendant moved for and was granted a suspensive appeal from that judgment. Plaintiff then moved to dismiss the suspensive appeal on several grounds, and the motion is before us now on that motion to dismiss the appeal.
The judgment of eviction was rendered on November 3, 1969, and was read aloud and signed in open court on November 10, 1969. A motion for a new trial was filed by defendant on November 17, 1969. Judgment was rendered on January 29, 1970, and was read aloud and signed by the trial court on February 4, 1970, denying the motion for new trial. A certified copy of the judgment denying the motion for new trial was served on defendant’s attorney on February 13, 1970.
Defendant filed a motion for a suspen-sive appeal on February 19, 1970, and he furnished an appeal bond on that date. An order of suspensive appeal was granted, and the record was lodged in this court on February 27. The pending motion to dismiss that appeal was filed on March 4, 1970.
Plaintiff contends primarily that the sus-pensive appeal should be dismissed because of defendant’s failure to apply for such an appeal and to file an appeal bond within twenty-four hours after the rendition of the judgment of eviction.
LSA-C.C.P. Art. 4735 provides:
“An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.”
In the instant suit the appeal was not applied for and the appeal bond was not filed within twenty-four hours after the rendition, or the reading and signing, of the judgment. Under the clear provisions of LSA-C.C.P. Art. 4735, the appeal was filed too late to suspend the execution of the judgment of eviction. Plaintiff thus is entitled to have the suspensive appeal dismissed. Downey v. Bellue, 178 So.2d 778 (La.App. 1 Cir. 1965).
A devolutive appeal was neither requested nor ordered. The motion for the appeal and the order granting it are specifically limited to a suspensive appeal. The appeal taken by defendant, therefore, must be dismissed. Sarpy v. de la Houssaye, 217 So. 2d 783 (La.App. 4 Cir. 1969).
For the reasons assigned, the motion to dismiss the appeal is granted, and the appeal is hereby dismissed at defendant-appellant’s costs.
Appeal dismissed.