ON MOTION TO DISMISS SUSPEN-SIVE APPEAL
CULPEPPER, Judge.
The plaintiff, Mrs. Eznack, obtained a judgment of eviction against the defendant, Ted George, on April 15, 1971. The defendant moved for and was granted a suspensive and/or devolutive appeal from this judgment.
The plaintiff has moved to dismiss the suspensive appeal on the ground that the answer filed by the defendant in the trial court was not under oath, as required by the provision of Article 4735 of the Louisiana Code of Civil Procedure. The matter is before us now on that motion to dismiss the appeal.
Article 4735 makes special provisions for a suspensive appeal from a judgment of eviction. That article provides:
“An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.”
The answer filed by the defendant in this case was not verified nor was it signed by the defendant. The answer was signed only by his attorney. In Brewer v. Shiflett, 198 So.2d 704 (La.App. 1st Cir., 1966), it was held that the defendant’s sus-pensive appeal would be dismissed where the defendant had failed to verify under oath, as required by statute, his answer setting up affirmative defenses. The court stated therein that the provisions of LSA-C.C.P. Article 4735 permitting a suspensive appeal from a judgment of eviction are mandatory upon the defendant personally and cannot be performed by his attorney. The court, therein, cited in addition to the specific provisions of that article, the case of Brunies v. Morlet, 28 So.2d 478 (La.App.Orl., 1946), which also held that the affirmative defense urged by the defendant must be sworn to by him personally rather than by his attorney.
The specific provisions of Article 4735 of the Code of Civil Procedure and the jurisprudence cited above, make it clear that the suspensive appeal in this case cannot be maintained. We are of the opinion, then, that the suspensive appeal must be dismissed.
The minutes of the trial court reflect that the defendant moved for and was granted a suspensive and devolutive appeal in this matter. The requirements of Article 4735 pertain only to appeals which suspend the execution of judgments of eviction. The article does not apply to a de-volutive appeal. Thus, the defendant’s de-volutive appeal will be maintained.
*836 For these reasons, the motion to dismiss the suspensive appeal is granted, and the suspensive appeal is hereby dismissed at defendant-appellant’s cost. The devolutive appeal in this matter is maintained.
Suspensive appeal dismissed.