BOLIN, Judge.
Defendant appeals suspensively from a ruling of the City Court of Shreveport, Louisiana ordering him to vacate within 72 hours premises owned by plaintiff. In this court plaintiff has filed a motion to dismiss the appeal, which we conclude should be sustained.
On September 5, 1972 plaintiff filed an eviction suit against defendant. The court issued an order making the rule returnable on September 11, 1972. On that date defendant filed an answer containing an affirmative defense. There was no affidavit attached to the answer verifying the facts set forth therein. The case went to trial resulting in judgment in favor of plaintiff ordering defendant to vacate the premises within 72 hours from the date thereof. The minutes of court reflect that on the same day an oral motion for suspensive appeal was made by defendant, which was granted, and the return date and amount of bond fixed.
On September 12, 1972 defendant filed a written motion for an order of appeal, the fixing of the return date and the amount of bond, which motion was signed on the same day by the trial judge. Attached to this motion and order for appeal is an affidavit by defendant that “he is the respondent named in the above and foregoing answer and that all of the allegations contained therein are true and correct.”
Louisiana Code of Civil Procedure Article 4735 provides:
“An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. * * * ”
(Emphasis ours)
The motion to dismiss the appeal is based upon the contention that appellant’s answer to the rule was not “under oath” as required by the above provision. The real question is whether the attempted verification of defendant’s answer, filed after the hearing on the rule, rendition of oral judgment and granting of suspensive appeal, was sufficient to satisfy the requirements of Article 4735 of the Code of Civil Procedure. This precise question, in a different posture, has been presented in several cases. In Audubon Hotel Co. v. Braunig, 119 La. 1070, 44 So. 891 (1907) the Supreme Court, in commenting upon defendants’ failure to file a sworn affirmative defense prior to rendition of judgment, held:
“In the case at bar the defense set up was not supported by the oath of either of the defendants, and their attempt to furnish such support, after judgment had been rendered against them, did not meet the requirements of the law. They were, therefore, not entitled to a suspensive appeal, and the court a qua was without authority to grant it. * * * ”
In Alexander v. Williams (La.App. 1st Cir. 1967) 205 So.2d 456, it was concluded:
“We hold, therefore, that defendants herein having failed to answer plaintiff’s rule under oath pleading an affirmative defense prior to the rendition of the judgment of eviction herein complained of are not entitled to suspensive appeal.”
An eviction proceeding is summary in nature and has for its purpose the *328 return of the possession of property to the rightful owner or lessor with a minimum delay. Therefore, to suspend execution of a judgment ordering an eviction, defendant must comply literally with the provisions of law when taking a suspensive appeal. See Alexander v. Williams, supra; London Properties, Inc. v. Topakoglu (La.App.3d Cir. 1970) 233 So.2d 259; Downey v. Bellue (La.App. 1st Cir. 1965) 178 So.2d 778; Sarpy v. de la Houssaye (La.App. 4th Cir. 1969) 217 So.2d 783.
A devolutive appeal was neither requested nor ordered and the motion to dismiss is specifically limited to the suspensive appeal.
We conclude that appellant did not answer the rule under oath in compliance with the provisions of Article 4735 of the Louisiana Code of Civil Procedure and, accordingly, the suspensive appeal is hereby dismissed at appellant’s cost.