281 So.2d 181 (1973)
Mrs. Corinne KELLER, wife of/and Calvin C. McMILLAN
v.
Pauline CHAUVIN.
No. 5852.
Court of Appeal of Louisiana, Fourth Circuit.
July 25, 1973.
Rehearing Denied August 21, 1973.
Writ Refused October 19, 1973.
*182 Jack A. Tittle, Jr., Norco, for plaintiffs-appellees.
William D. O'Regan, Reserve, for defendant-appellant.
Before BOUTALL, REDMANN and SCHOTT, JJ.

ON MOTION TO DISMISS
BOUTALL, Judge.
This is an appeal from a rule nisi to evict a lessee from the premises for failure to pay rent under the terms of a written lease. From a judgment ordering her eviction, the lessee has taken a suspensive appeal. Appellee moves to dismiss the suspensive appeal because defendant appellant did not file an answer pleading an affirmative defense verified by oath of defendant.
The record shows that the rule nisi was tried March 1, 1973, and at that time no answer had been filed by defendant, but defendant did testify under oath as a witness. On March 5, 1973, judgment of eviction was rendered and signed. Also on that day the defendant filed an answer to the merits of the petition and reconventional demand verified by defendant's attorney, presumably prior to judgment because of its physical position in the record.
LSA-C.C.P. Art. 4735 states in part:
"Art. 4735. Appeal; bond
An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, ..."
Our jurisprudence has held that the provisions of Article 4735 are clear and unambiguous and provide a mandatory condition for the maintenance of a suspensive appeal from a judgment of eviction that the tenant must have filed an answer setting forth an affirmative defense verified personally by the tenant's affidavit. Neither the sworn testimony of the tenant on trial, nor the filing of an answer under oath of the attorney after trial but before judgment, fulfills the requirements. Papa v. Sullivan, 268 So.2d 326 (La.App.2nd Cir. 1972); Eznack v. George, 250 So.2d 834 (La.App. 3rd Cir. 1971); Sarpy v. de la Houssaye, 217 So.2d 783 (La.App. 4th Cir. 1969); Brewer v. Shiflett, 198 So.2d 704 (La.App. 1st Cir. 1966).
For the above reasons, the suspensive appeal is dismissed at appellant's cost. A devolutive appeal was neither requested nor ordered and the motion to dismiss is specifically limited to the suspensive appeal.
Suspensive appeal dismissed.
REDMANN, J., dissents with written reasons.
REDMANN, Judge (dissenting).
Defendant's answer was filed March 5, after trial March 1. The minute extract suggests it was filed before the March 5 judgment of eviction. The answer did set *183 forth the affirmative defense of, in effect, payment by paying for necessary repairs which were the landlords' obligation. But only counsel verified the answer. Defendant argues that her sworn testimony is the equivalent of having "answered the rule under oath, pleading an affirmative defense", as required by art. 4735.
In dicta, Sarpy v. de la Houssaye, 217 So.2d 783 (La.App.1969), rejected this argument (while insisting that no affirmative defense was there involved). Yet the requirement is not absolute that the answer itself have the verification; Stoltz v. McConnell, 202 So.2d 451 (La.App.1967), writ refused, 251 La. 231, 203 So.2d 559, held that an affidavit of the truth of the answer filed subsequent to the answer but prior to trial of the rule was sufficient compliance. On the other hand, such an affidavit filed after judgment of eviction and granting of suspensive appeal has been held insufficient; Papa v. Sullivan, 268 So.2d 326 (La.App.1972).
I believe that Stoltz's reasoning would support the conclusion that a written verification during trial would support a suspensive appeal. As defendant here also argues, there is ordinarily no requirement for an answer to a rule, C.C.P. art. 2593, and thus I find no specific basis on which to find an answer to a rule untimely as long as it is pleaded prior to judgment.
Thus, in my view, the question is whether the defendant's oral testimony under oath in the presence of the judge is the equivalent (for purposes of C.C.P. art. 4735) of his written testimony signed before a notary.
Certainly the principal protection to a landlord is the suspensive appeal bond, which should be in an amount to guarantee any damages (such as further accruing rent) during pendency of the appeal, C.C.P. art. 2124(3). The only further protection accruing from the requirement of an answer under oath is the threat of perjury against the falsely-verifying tenant, which is equally available against the falsely-testifying tenant.
The only advantage to the written oath restrictive interpretation is that it is easier to check a pleading than a transcript of testimony in the appellate court. However, since it is the function of the trial judge (who heard the testimony) to grant or refuse the order of suspensive appeal, it is not difficult for him to know whether or not the affirmative defense was affirmed by sworn testimony (even though he found the contrary testimony to preponderate).
Because appeals are favored and "should be maintained unless a legal ground for dismissal is clearly shown", Favrot v. Favrot, 252 La. 192, 210 So.2d 316, 317 (1968), I would deny the motion to dismiss.