398 So.2d 57 (1981)
Dr. John C. ROURKE, Plaintiff-Appellee,
v.
Leonard CLOUD, Defendant-Appellant.
No. 8274.
Court of Appeal of Louisiana, Third Circuit.
March 19, 1981.
*58 James L. Babin, Lake Charles, for defendant-appellant.
Scofield, Bergstedt, Gerard, Hackett & Mount by Robert L. Hackett, Lake Charles, for plaintiff-appellee.
Before GUIDRY, SWIFT and DOUCET, JJ.

ON MOTION TO DISMISS SUSPENSIVE APPEAL
DOUCET, Judge.
The plaintiff, John C. Rourke, M.D., obtained a judgment of eviction against the defendant, Leonard Cloud, on January 5, 1981. The defendant timely moved for and was granted a suspensive and devolutive appeal from this judgment.
The plaintiff has moved to dismiss the suspensive appeal on the ground that the answer filed by the defendant did not state an affirmative defense as required by Article 4735 of the Code of Civil Procedure. The matter is before us now on the motion to dismiss the suspensive appeal. We grant the plaintiff-appellee's motion and dismiss the defendant's suspensive appeal.
The plaintiff filed a petition for eviction on November 7, 1980 seeking to regain possession of a lot in Sulphur, Louisiana. On November 26, 1980, the defendant filed an answer contending that the plaintiff and the defendant had entered into a contract to sell the property in question and that the defendant has fully complied with the contract to sell, therefore has a right to possess the property. The plaintiff contends that the allegations of the defendant's answer do not constitute an affirmative defense as required by LSA-C.C.P. Art. 4735 in order to maintain a suspensive appeal.
Article 4735 of the Code of Civil Procedure makes special provisions for a suspensive appeal from a judgment of eviction. That article provides:
Art. 4735. Appeal; bond
An appeal does not suspend execution of a judgment of eviction unless the defendant *59 has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.
To suspend execution of a judgment of eviction and thus defer return of possession to the lawful owner or lessor, the defendant must comply literally with the provisions of law which expressly govern the taking of suspensive appeals in such proceedings. Alexander v. Williams, 205 So.2d 456 (La.App. 1st Cir. 1967).
LSA-C.C.P. Art. 4735 requires an answer, verified by oath of the defendant, setting up an affirmative defense entitling the defendant to retain possession of the premises in order to maintain a suspensive appeal. Soloman v. Hickman, 213 So.2d 96 (La.App. 1st Cir. 1968); Papa v. Sullivan, 268 So.2d 326 (La.App. 2nd Cir. 1972); McMillan v. Chauvin, 281 So.2d 181 (La. App. 4th Cir. 1973), writ denied, 283 So.2d 770 (La.1973). An affirmative defense raises new matter which, assuming the allegations to be true, constitutes a defense to the action and will have the effect of defeating plaintiff's demand on its merits. LSA-C. C.P. Art. 1005; Webster v. Rushing, 316 So.2d 111 (La.1975); Conques v. Hardy, 337 So.2d 627 (La.App. 3rd Cir. 1976); Soloman, supra.
In the instant case, the defendant alleges in his answer that he has the right to specifically enforce a valid contract to sell. This is not an affirmative defense alleging defendant's entitlement to possession of the premises of which he is sought to be evicted. A contract to sell does not transfer ownership. Gibsland Supply Co. v. American Employer's Ins. Co., 242 So.2d 310 (La.App. 2nd Cir. 1970), writ denied, 244 So.2d 858 (La.1971); Lambert v. Succession of DeHass, 271 So.2d 910 (La.App. 1st Cir. 1972); Webb v. Young, 338 So.2d 767 (La. App. 4th Cir. 1976), writ denied, 341 So.2d 419 (La.1977). A contract to sell does not give the grantee a right of possession unless it specifically so provides. The defendant did not allege in his answer that any agreement gave him the right to possess the property other than the contract to sell, which contains no provision for possession prior to the act of sale.
We conclude that the defendant has not alleged an affirmative defense entitling him to retain possession of subject premises. Therefore, the defendant has not complied with the requirements of LSA-C.C.P. Art. 4735 and cannot take a suspensive appeal.
For the above and foregoing reasons, the suspensive appeal is dismissed at the defendant-appellant's cost. The defendant's devolutive appeal is maintained.
SUSPENSIVE APPEAL DISMISSED.