CHEHARDY, Judge.
Plaintiff, Anthony J. Ferrara, seeks dismissal by this court of a suspensive appeal taken by the defendant, Abdul Khan, on a district court decision rendered in favor of the plaintiff. The trial court, on a Rule to Evict Occupant, ordered the defendant to vacate the premises which are the subject of this suit and to deliver possession thereof to the plaintiff.
Plaintiff does not argue the defendant’s application for appeal or the filing of the appeal bond was not timely. He contends, however, that the defendant failed to plead an affirmative defense which would entitle him to a suspension of the execution of the judgment in order to retain possession of the premises.
LSA-C.C.P. art. 4735 states:
“An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount suffi *1210 cient to protect the appellee against all such damage as he may sustain as a result of the appeal.”
It has also been held that LSA-C.C.P. art. 4735 requires that an affirmative defense pleaded in an answer must be supported by the defendant's oath that all the facts contained in his answer are true. Sarpy v. de la Houssaye, 217 So.2d 783 (La.App. 4th Cir. 1969). Additionally, the sworn testimony of the defendant, under oath on the trial of the rule, attesting to such an affirmative defense, has been held not to, alone, satisfy this requirement of LSA-C. C.P. art. 4735. Sarpy v. de la Houssaye, supra.
In the present case, however, as noted by the defendant in opposition to the plaintiff’s motion, the record of the suspensive appeal taken has not yet been filed with this court, rendering it impossible to determine whether the defendant has met the requirement of LSA-C.A.P. art. 4735 by sufficiently pleading an affirmative defense. For this reason the motion to dismiss the defendant’s suspensive appeal must be denied on grounds of prematurity.

MOTION DENIED.