DOMENGEAUX, Judge.
MOTION TO DISMISS SUSPENSIVE APPEAL
The plaintiff-appellee obtained a judgment of eviction against the defendant, Richard Barras. The defendant was ordered to vacate the premises described as a 1978 Sherwood Trailer located off of Telephone Road, Moss Bluff, Louisiana, and to deliver possession thereto to the plaintiff, within twenty-four hours of the rendition of the judgment. The defendant timely moved for and was granted a suspensive appeal from this judgment.
The matter is now before the court on plaintiff-appellee’s motion to dismiss the suspensive appeal as being fatally defective under C.C.P. Article 4735, which provides:
“An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspen-sive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.”
The appellee contends that the suspensive appeal is fatally defective in that neither the answer nor the exception were verified or made under oath. Additionally, the ap-pellee argues that the appellant failed to plead an affirmative defense entitling him to retain possession of the premises.
It is unnecessary to pursue the issue of defendant’s failure to assert an affirmative defense. An examination of the record verifies appellee’s allegation that the appellant failed to support his defense and exception with his oath as required by C.C.P. Article 4735.
To suspend the execution of a judgment of eviction and thus defer return of possession to the lawful owner or lessor, the defendant must comply literally with the provisions of law which expressly govern the taking of suspensive appeals in such proceedings. Article 4735 requires an answer, verified by the oath of the defendant, setting up an affirmative defense entitling the defendant to retain possession of the premises in order to maintain a suspensive appeal. Rourke v. Cloud, 398 So.2d 57 (3rd Cir.1981).
For the above reasons, the suspensive appeal is dismissed at the appellant’s cost. The appellant’s devolutive appeal is maintained.
SUSPENSIVE APPEAL DISMISSED.