GUIDRY, Judge.
MOTION TO DISMISS
The plaintiff-appellee, Ronald Veillon, moves to dismiss the suspensive appeal of the defendant-appellant, Carol Lynn Bertrand Veillon, on the grounds that the defendant failed to comply with the provisions of LSA-C.C.P. Article 4735.
LSA-C.C.P. Article 4735 provides in pertinent part:
An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction....
According to the record, the defendant did not answer the plaintiff’s rule. On December 27, 1985, the plaintiff filed a rule to evict the defendant from the premises she was occupying. The defendant was ordered to show cause on January 15, 1986 why she should not be evicted. On January 15, 1986, the defendant was granted a continuance and the rule hearing was reset for February 12, 1986. The defendant also filed exceptions of lack of jurisdiction over the subject matter and over the person of the defendant. On February 13, 1986, the trial court denied defendant’s exceptions and ordered that the defendant be evicted on February 18, 1986. The defendant filed for a suspensive appeal, or in the alternative a devolutive appeal, on February 14, 1986.
To suspend the execution of a judgment of eviction and thus defer return of possession to the lawful owner or lessor, the defendant must comply literally with the provisions of law which expressly govern the taking of suspensive appeals in such proceedings. Article 4735 requires an answer, verified by the oath of the defendant, setting up an affirmative defense entitling the defendant to retain possession of the premises in order to maintain a suspen-sive appeal. Landry v. Barras, 434 So.2d 685 (La.App. 3rd Cir.1983); Rourke v. Cloud, 398 So.2d 57 (La.App. 3rd Cir.1981).
The defendant did not comply with LSA-C.C.P. Article 4735 as the defendant did not file an answer to plaintiff’s rule. Accordingly, the defendant’s suspensive appeal is dismissed at defendant’s cost. The defendant’s devolutive appeal is maintained.
SUSPENSIVE APPEAL DISMISSED AND MAINTAINED AS A DEVOLUTIVE APPEAL.
ORDER
PER CURIAM.
Since appellant’s exceptions and the rule to evict were set for consideration on the same date, appellant, in anticipation of the possibility that the exceptions would be overruled, should have been prepared to immediately file answer to the rule asserting an affirmative defense if she wished to preserve her right to a suspensive appeal *693 under the provisions of La.C.C.P. art. 4735. Although one is constitutionally entitled to appellate review (La. Const, of 1974, Article 1 Sec. 19), such right is subject to reasonable legislative regulation. We find La.C.C.P. art. 4735 to be a reasonable regulation of that right. Appellant’s application for rehearing in this matter is denied.