SCHOTT, Judge.
Plaintiff, Dixie Savings and Loan Association, foreclosed on property owned and occupied by defendant, Herbert Ward Neal, Sr., and bought the property at the sheriff’s sale on May 24, 1985. On June 10, defendant was served with a rule to vacate the premises, and, upon his failing to move, plaintiff filed a rule for posession on June 25. Defendant answered the rule which was made absolute on July 3 after trial. From this judgment defendant appealed and plaintiff answered the appeal seeking damages for frivolous appeal.
Defendant offers no valid argument or even suggestion in support of his appeal. The only conclusion that can be drawn from the record is that he appealed for the sole purpose of delaying plaintiff’s taking possession of the property. Thus, this is one of those rare cases in which the appel-lee is entitled to damages for frivolous appeal pursuant to LSA-C.C.P. Art. 2164.
In its answer and brief plaintiff makes much over the damages it has sustained because of its delay in getting possession of the premises due to defendant’s suspensive appeal. However, plaintiff could have had defendant’s suspensive appeal dismissed because he failed to answer *709 the rule for possession under oath as required by C.C.P. Art. 4735. Literal compliance with this article is necessary for the defendant in an eviction suit to maintain a suspensive appeal. Landry v. Barras, 434 So.2d 685 (La.App. 3rd Cir.1983). Thus, while some initial delay was caused by defendant’s taking a suspensive appeal, most of the delay could have been avoided by plaintiff. Furthermore, had plaintiff taken action to dismiss defendant’s suspensive appeal this might have caused defendant to capitulate and abandon his appeal entirely since his only purpose appears to have been to maintain possession of the premises.
Under these circumstances, we award damages to plaintiff sufficient to cover the attorney fees it had to incur irrespective of the action it could have taken to minimize its problems. We consider $500 to be the appropriate amount.
Accordingly, the judgment appealed from is affirmed; but there is judgment in favor of plaintiff and against defendant for $500 with legal interest from July 3, 1985 (the date defendant’s appeal was taken) and for all costs in this court and the trial court.
AFFIRMED.
DAMAGES FOR FRIVOLOUS APPEAL AWARDED.