## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-742


VISION AVIATION, L.L.C.
VERSUS
AIRPORT AUTHORITY FOR
AIRPORT DISTRICT NO. 1 OF
CALCASIEU PARISH, LOUISIANA

CONSOLIDATED WITH:

AIRPORT AUTHORITY FOR
AIRPORT DISTRICT NO. 1 OF
CALCASIEU PARISH, LOUISIANA
VERSUS
VISION AVIATION, L.L.C.


**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU NO. 2006-2282 C/W 2007-0954
HONORABLE WILFORD CARTER, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Michael G. Sullivan, and James T. Genovese, Judges.


SUSPENSIVE APPEALS DISMISSED;
APPEALS MAINTAINED AS DEVOLUTIVE.

Kenneth Michael Wright
Attorney at Law
206 West Clarence Street
Lake Charles, LA 70601
(337) 439-6930
COUNSEL FOR PLAINTIFF/APPELLANT:
    Vision Aviation, L.L.C.

Rudie Soileau, Jr.
Lundy, Lundy, Soileau & South, L.L.P.
501 Broad Street
Lake Charles, LA 70601
(337)439-0707
**COUNSEL FOR DEFENDANT/APPELLEE:**
Airport Authority for Airport District No. 1 of
Calcasieu Parish, Louisiana

David J. Halpern
Jill Anne Gautreaux
McGlinchey Stafford P.L.L.C.
601 Poydras Street, 12th Floor
New Orleans, LA 70130
(504) 586-1200
**COUNSEL FOR DEFENDANT/APPELLEE:**
Airport Authority for Airport District No. 1 of
Calcasieu Parish, Louisiana

SAUNDERS, Judge.

The Defendant-Appellee, Airport Authority for Airport District No. 1 of Calcasieu Parish, Louisiana (the Airport Authority), moves to dismiss these unlodged appeals for failure to comply with the procedural requirements for seeking an appeal in an eviction action. For the reasons given herein, we grant the motion to dismiss the suspensive appeals, but maintain the appeals as devolutive.

Appellant, Vision Aviation, L.L.C. (Vision), leased hangers two and three at the Lake Charles Regional Airport from the Airport Authority. Vision also leased from the Airport Authority a fixed base operator hangar and other land pursuant to a Development Agreement dated November 7, 2002. On May 15, 2006, Vision filed a Verified Petition for Declaratory Judgment, Specific Performance, and Injunctive Relief in connection with the lease. The Airport Authority filed an answer and reconventional demand seeking termination of the lease and Development Agreement. Vision answered the reconventional demand but allegedly did not do so under oath.

The Airport Authority also filed a separate action seeking to have Vision evicted from the leased premises for breach of both the lease and the Development Agreement. Vision did not file an answer or any affirmative defenses in response to the eviction action. The eviction action and the declaratory judgment action were consolidated on March 14, 2007.

The case went to trial on April 1, 2009, and the trial court ruled in favor of the Airport Authority, finding sufficient cause to terminate the Development Agreement and evict Vision from the fixed base operator hangar. A judgment to that effect was signed on May 5, 2009.

Vision filed a motion for suspensive appeal in these consolidated actions on May 19, 2009; the appeal order had been signed on May 12, 2009. The appeal bond

1

was set for ten thousand dollars, and Vision posted bond on June 5, 2009.

The Airport Authority moves to dismiss the suspensive appeals on the ground that Vision failed to meet the conditions of La.Code Civ.P. art. 4735, which provides as follows:

> An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.

The Airport Authority contends that although La.Code Civ.P. art. 4735 requires that a suspensive appeal and an appeal bond be filed within twenty-four hours after the rendition of the judgment of eviction, Vision has not met this requirement. In that regard, the Airport Authority notes that on April 1, 2009, the trial court granted the rule for eviction and gave oral reasons at that time. The Airport Authority points out that although the Judgment was signed on May 5, 2009, Vision did not file its motion and order for suspensive appeal until May 19, 2009, and did not post its appeal bond until June 5, 2009. Since neither the appeals nor the appeal bond were filed within the twenty-four hours after rendition of the judgment, the Airport Authority argues that Vision is precluded from seeking suspensive appeals of the judgment.

Alternatively, the Airport Authority asserts that Vision's appeals are precluded because Vision did not answer the rule for eviction as required by La.Code Civ.P. art. 4735. In support of this position, the Airport Authority cites *Rourke v. Cloud,* 398 So.2d 57 (La.App. 3 Cir. 1981), wherein this court dismissed a suspensive appeal because the answer did not state affirmative defenses as required by La.Code Civ.P. art. 4735. In the instant case, the Airport Authority asserts that Vision did not even file an answer, let alone file an answer under oath pleading an affirmative defense

entitling Vision to retain possession of the leased premises.

Furthermore, the Airport Authority, while denying that the pleadings filed in the declaratory judgment action are applicable to the eviction action, argues that even if those pleadings were applicable, Vision still failed to comply with the answer requirement set forth in La.Code Civ.P. art. 4735. In that regard, the Airport Authority contends that the only verified pleading which Vision filed in connection with the declaratory judgment action was the original action for injunction and that pleading only pertains to the lease of hangers two and three. However, the Airport Authority maintains that there are no verified pleadings wherein Vision asserts its right to maintain possession of the base operation hanger pursuant to the Development Agreement, which is what is at is issue in the instant appeal.

In response to the motion to dismiss, Vision asserts that the judgment appealed contains more than just an eviction. Vision contends that in addition to appealing an eviction ruling, it is also appealing the trial court's finding that the Development Agreement was terminated and the trial court's failure to grant a preliminary injunction. While the Airport Authority asserts the these three issues are so inextricably linked that they cannot be bifurcated for purposes of the appeal, Vision argues that the suspensive appeals should not be dismissed in their entirety.

To the extent that Vision seeks appellate review of the decision to evict it from the base operation hanger, we find that Vision has not complied with La.Code Civ.P. art. 4735, which sets forth the express prerequisites for suspensively appealing such a decision. Since the motion for suspensive appeal was filed fourteen days after the rendition of judgment and since the appeal bond was not posted until one month after rendition of judgment, Vision's appeals clearly were not sought within twenty-four hours as required by Article 4735. Therefore, we find that Vision's suspensive appeals of the eviction ruling must be dismissed, and we maintain the appeals from

3

the eviction ruling as devolutive. Having found that these suspensive appeals were not timely perfected, we find moot the issue of whether Vision failed to answer the eviction suit under oath and to raise an affirmative defense alleging its entitlement to possession of the base operation hanger.

To the extent that Vision seeks to suspensively appeal the trial court's failure to grant a preliminary injunction, we find that Vision has failed to comply with the bond requirement set forth in La.Code Civ.P. art. 3612(C), which provides, in pertinent part, that "[a]n appeal from an order or judgment relating to a preliminary injunction must be taken, and any bond required must be furnished, within fifteen days from the date of the order or judgment." In the instant case, although the judgment was signed on May 5, 2009, Vision did not post its appeal bond until June 5, 2009. Since the appeal bond was posted more than fifteen days after the judgment was rendered, we find that pursuant to La.Code Civ.P. art. 3612(C), Vision's appeal bond was posted untimely. As such, we determine that suspensive appeals cannot be maintained with regards to the ruling denying the preliminary injunction.

Inasmuch as dismissal of the suspensive appeals relating to the eviction and the injunctive relief renders ineffective any suspensive relief with respect to the portion of the trial court's ruling terminating the Development Agreement, we find that the entirety of these appeals should be maintained only as devolutive. Accordingly, we hereby grant the instant motion to dismiss the suspensive appeals and maintain the appeals as devolutive.

## SUSPENSIVE APPEALS DISMISSED; APPEALS MAINTAINED AS DEVOLUTIVE.

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.

4