# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-100

JOSE RAFUL MARTINEZ, ET AL.

VERSUS

GEORGE ROBERT RIVET,
TRUSTEE OF THE RIVET FAMILY
TRUST

**********

## APPEAL FROM THE
## FOURTEENTH JUDICIAL DISTRICT COURT
## PARISH OF CALCASIEU, NO. 2015-1849
## HONORABLE CLAYTON A. L. DAVIS, DISTRICT JUDGE

**********

## JAMES T. GENOVESE
## JUDGE

**********

Court composed of Jimmie C. Peters, James T. Genovese, and John E. Conery, Judges.

**MOTION TO DISMISS APPEAL
GRANTED IN PART AND DENIED IN PART.
SUSPENSIVE APPEAL DISMISSED.
APPEAL MAINTAINED AS DEVOLUTIVE.**

**Skipper Drost**
**Attorney at Law**
**One Lakeshore Drive, Suite 100**
**Lake Charles, LA 70629**
**(337) 436-4546**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    Jose Raful Martinez, et al.

**Rick J. Norman**
**Joseph P. Norman**
**Norman Business Law Center**
**145 East Street**
**Lake Charles, LA 70601**
**(337) 436-7787**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **George Robert Rivet, Trustee of the Rivet Family Trust**

**GENOVESE, Judge.**

Defendant, George Rivet, Trustee of the Rivet Family Trust (Rivet), filed a motion to dismiss the appeal of Jose Raful Martinez, et al. (Martinez). For the reasons that follow, we hereby dismiss the suspensive appeal of the judgment of eviction but maintain the appeal as devolutive regarding the judgment in its entirety.

On or about May 8, 2015, Martinez filed suit against Rivet for specific performance and damages in connection with two leases with options to purchase entered into between the parties on December 17, 2008. Martinez contended that the sums due pursuant to the options to purchase had been paid in full. On June 5, 2015, Rivet filed a reconventional demand seeking to have Martinez evicted on the grounds that Martinez had breached both the leases and that the leases had terminated. Rivet also filed a motion for partial summary judgment seeking a determination that the options to purchase expired on October 15, 2009, and September 30, 2010, and were unenforceable. In response to the eviction proceeding, Martinez filed a dilatory exception of prematurity asserting that since the petition was one seeking to determine the ownership of immovable property, the rule for eviction should not be heard until a determination of ownership had been made after trial on the merits.

On September 24, 2015, the trial court heard a motion to continue and an exception of prematurity filed on behalf of Martinez as well as Rivet's motion for partial summary judgment and rule for eviction. The court denied the motion to continue and granted a partial summary judgment in favor of Rivet. The finding that the options to purchase were unenforceable rendered Martinez's exception of prematurity moot, and the trial judge denied said exception accordingly. The judgment also ordered Martinez's eviction from the subject property.

Judgment reflecting all of these rulings was signed on October 9, 2015, and notice of judgment was issued on October 13, 2015. On October 26, 2015, the trial court signed an order denying Martinez's motion for new trial. Martinez filed a motion for suspensive appeal on October 30, 2015. On November 5, 2015, the trial court signed an order granting Martinez a suspensive appeal upon the furnishing of a bond in the amount of $5,000.00. Martinez posted the bond on December 2, 2015.

On February 17, 2016, Rivet filed a motion to dismiss Martinez's appeal. No opposition has been filed on behalf of Martinez.

Rivet asserts several arguments as to why Martinez's appeal should be dismissed. First, with respect to that portion of the judgment which ordered Martinez's eviction, Rivet argues that Martinez did not timely perfect a suspensive appeal.

Louisiana Code of Civil Procedure Article 4735 provides that:

> An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.

Louisiana Code of Civil Procedure Article 2087 provides that a devolutive appeal may be taken within sixty days of "[t]he expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely." Louisiana Code of Civil Procedure Article 1974 provides that the delay for seeking a new trial is "seven days, exclusive of legal holidays[,]" which begins to run "the day after the

2

clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913."

In the instant case, the judgment of eviction was rendered in open court on September 24, 2015. A written judgment of eviction was signed on October 9, 2015, and notice of judgment was mailed on October 13, 2015. Martinez's motion for new trial was denied on October 26, 2015.

Rivet cites *London Properties, Inc. v. Topakoglu*, 233 So.2d 259, 269 (La.App. 3 Cir. 1970):

> In the instant suit the appeal was not applied for and the appeal bond was not filed within twenty-four hours after the rendition, or the reading and signing, of the judgment. Under the clear provisions of LSA-C.C.P. Art. 4735, the appeal was filed too late to suspend the execution of the judgment of eviction. Plaintiff thus is entitled to have the suspensive appeal dismissed. *Downey v. Bellue*, 178 So.2d 778 (La.App. 1 Cir. 1965).
>
> A devolutive appeal was neither requested nor ordered. The motion for the appeal and the order granting it are specifically limited to a suspensive appeal. The appeal taken by defendant, therefore, must be dismissed. *Sarpy v. de la Houssaye*, 217 So.2d 783 (La.App. 4 Cir . 1969).

Thus, Rivet argues that the suspensive appeal must be dismissed as untimely since it was not filed within twenty-four hours of October 9, 2015, when the judgment was signed. The petition for suspensive appeal was not filed until October 30, 2015, and the suspensive appeal bond was not posted until December 2, 2015. It is clear that the suspensive appeal was not timely filed pursuant to La.Code Civ.P. art. 4735.

Rivet further argues that the time delay for taking a devolutive appeal has now passed and that Martinez's suspensive appeal cannot be maintained as a devolutive appeal because Martinez asked specifically and only for a suspensive appeal. However, Rivet overlooks more recent cases that conflict with *London Properties*. "Although an appeal for an eviction judgment cannot be maintained as

3

suspensive, the appeal may be maintained as a devolutive appeal if the requirements of the general law for a devolutive appeal are met." *Freemin v. Coglati*, 411 So.2d 471, 472 (La.App. 1 Cir. 1981), *citing Solomon v. Hickman*, 213 So.2d 96 (La.App. 1 Cir. 1968), *Alaimo v. Hepinstall*, 370 So.2d 1320 (La.App. 4 Cir. 1979), and *Rourke v. Cloud*, 398 So.2d 57 (La.App. 3 Cir. 1981). Specifically, in *Rourke*, this court concluded that while the lessee asserted "that he ha[d] the right to specifically enforce a valid contract to sell," this was not an allegation of "an affirmative defense entitling him to retain possession of the subject premises." *Id*. at 59. Thus, the lessee had not literally complied with the requirements of La.Code Civ.P. art. 4735 and could not maintain a suspensive appeal. The court maintained a devolutive appeal.

The delay for filing a devolutive appeal expired sixty days from the mailing of the notice of the trial court's denial of Martinez's motion for new trial. La.Code Civ.P. art. 2087. The motion for new trial was denied in writing on October 26, 2015; however, the record does not reflect the date such notice was mailed. In any event, the motion for appeal was filed within sixty days of the denial of the motion for new trial. The appeal is timely as a devolutive appeal.

Rivet further argues that since Martinez did not answer the rule as required by La.Code Civ.P. art. 4735, the suspensive appeal cannot be maintained. As we have already determined that the suspensive appeal was not timely filed, this issue is moot.

The judgment at issue also denied Martinez's motion for a continuance and granted Rivet's motion for partial summary judgment, rendering moot the exception of prematurity raised by Martinez. Martinez's motion for appeal evidences the intent to appeal these portions of the judgment. Rivet argues that the appeal of the remainder of the judgment should be dismissed on the ground that the

4

judgment was neither determined to be nor designated as a final judgment under La.Code Civ.P. art. 1915(B).

Rivet filed a motion for partial summary judgment seeking a ruling that the options to purchase contained in the subject lease had expired and were, therefore, unenforceable. The trial court granted the partial summary judgment. The judgment did not decide all matters pending in this case since, although it inherently decides that Martinez does not own the property, the matter of damages is left for decision. The judgment was not designated as a final judgment by the trial court. The issue is whether the judgment is subject to La.Code Civ.P. art. 1915(B) in order to be immediately appealable. This issue is res nova.

In *Seaman v. Seaman*, 10-1295 (La.App. 3 Cir. 12/15/10), 54 So.3d 756, this court considered a similar issue in the context of a judgment that modified custody and visitation. The court noted that "[a]rticle 1915 does not provide for any exception to its applicability as to any particular case," but "the jurisprudence has held that not all provisions in this statute are applicable in every instance." *Id*. at 759. In that case, the court held that "the appealed judgment did not have to have a designation by the trial court as to its finality and appealability before the plaintiff could have filed her motion and order for appeal." *Id*. at 760.

In this instance, the issue decided by the motion for partial summary judgment is inextricably tied to the propriety of the decision on the rule for eviction. As such, this court sees no reason to delay the appeal of the partial summary judgment for a determination of finality by the trial court. To do so would lead to piecemeal appeals with the probability of inconsistent outcomes. In this limited circumstance, we find that the judgment at issue did not require a designation of finality from the trial court and is properly before this court on the devolutive appeal of the judgment of eviction.

This court notes that the portions of this judgment denying the motion to continue and denying the exception of prematurity are clearly interlocutory judgments. "When an appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him in addition to the review of the final judgment." *Babineaux v. Univ. Med. Ctr.*, 15-292, p. 4 (La.App. 3 Cir. 11/14/15), 177 So.3d 1120, 1123, *quoting Robertson v. Doug Ashy Bldg. Materials, Inc.*, 14-141 (La.App. 1 Cir. 12/23/14), 168 So.3d 556, fn. 13, *writ denied*, 15-365 (La. 4/14/15), 169 So.3d 364.

The motion to dismiss the suspensive appeal is granted since Martinez failed to comply with the requirements of La.Code Civ.P. art. 4735. However, the appeal was timely filed as a devolutive appeal. Therefore, the motion to dismiss is denied insofar as it seeks to dismiss the devolutive appeal of the eviction, the appeal of the partial summary judgment; and the interlocutory rulings denying the motion to continue and the exception of prematurity are reviewable in the devolutive appeal, if assigned as error.

**MOTION TO DISMISS APPEAL GRANTED IN PART AND DENIED IN PART. SUSPENSIVE APPEAL DISMISSED. APPEAL MAINTAINED AS DEVOLUTIVE.**