WATKINS, Judge.
This is a consolidated suspensive appeal of judgments of eviction obtained by the Estate of Claude P. Boudreaux against Anthony R. Verdin and Curtis Verdin. The Estate of Claude P. Boudreaux filed a motion to dismiss the appeal as a suspensive appeal because the answer to the eviction rule did not set forth an affirmative defense under oath of defendants as is an underlying requisite to perfecting a suspen-sive appeal under LSA-C.C.P. art. 4735.
LSA-C.C.P. art. 4735 reads as follows:
“An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount suffi *874 cient to protect the appellee against all such damage as he may sustain as a result of the appeal.”
An affirmative defense in an eviction proceeding must be pleaded under oath personally sworn to by defendant in order to permit the subsequent taking of a sus-pensive appeal by defendant. Brewer v. Shiflett, 198 So.2d 704 (La.App. 1st Cir.1966). At trial on the eviction rule, defendants argue, defendants testified under oath that defendants either owned or possessed the premises in question, and their testimony under oath should meet the requirements of LSA-C.C.P. art. 4735. (The record does not contain a transcript of testimony.) We find it difficult to state that there is no merit in defendants’ position, but we are persuaded that the equities support the prevailing weight of the jurisprudence which holds that defendants’ testimony at trial of the eviction rule does not suffice. McMillan v. Chauvin, 281 So.2d 181 (La.App. 4th Cir.1973), writ denied 283 So.2d 770 (La.1973). Thus, the suspensive appeal must be dismissed.
The jurisprudence requires that although an appeal may be dismissed as sus-pensive, it must be considered as devolutive, if the appeal was taken within the delays for taking a devolutive appeal. See Aucoin v. Williams, 291 So.2d 504 (La.App. 3d Cir.1974). Here, the appeal was taken one day after judgment, and thus meets the requirements of LSA-C.C.P. art. 2087, the article which provides the delay for taking a devol-utive appeal.
Accordingly, the appeal is dismissed as a suspensive appeal, but maintained as a de-volutive appeal.
SUSPENSIVE APPEAL DISMISSED.
EDWARDS and SHORTESS, JJ„ concur.