ON MOTION TO DISMISS SUSPENSIVE APPEAL
CULPEPPER, Judge.
The plaintiff-appellee, Irving Ward-Stein-man, obtained a judgment of eviction against the defendant-appellant, Charles Edward Karst. Karst timely moved for and was granted a suspensive appeal from this judgment.
Ward-Steinman has moved to dismiss the suspensive appeal on the grounds that Karst has failed 1) to answer the rule under oath, 2) to plead an affirmative defense entitling him to retain possession of the premises, and 3) to file an appeal bond within 24-hours after the rendition of the judgment, all as provided for in LSA-C. C.P. Art. 4735. We grant Ward-Steinman’s motion and dismiss the appeal as a suspen-sive appeal, but maintain it as a devolutive appeal.
Ward-Steinman filed in the ‘Alexandria City Court a rule to show cause why Karst should not be ordered to deliver possession of the premises designated as 925 Johnston Street, Alexandria, Louisiana. The rule was scheduled for hearing on December 20, 1983. Karst filed a dilatory exception alleging that Ward-Steinman failed to state the grounds upon which eviction was sought in the rule to show cause. This omission was corrected and Karst was served with another rule to show cause stating the grounds upon which eviction was sought. On December 27, 1983, the next scheduled hearing on the eviction motion Karst filed a declinatory exception containing two points, the second of which was withdrawn by Karst, the first being a lack of jurisdiction on the part of the trial court under LSA-C.C.P. Art. 4848(L). This exception was referred to the merits. Karst filed no further pleadings or answer. The trial court took the matter under advisement and on January 4, 1984, the trial court assigned written reasons granting the judgment of eviction. Said judgment was signed on January 12, 1984. Karst filed a motion for a suspensive appeal on January 13, 1984. The appeal bond was filed on January 16, 1984.
Article 4735 of the Code of Civil Procedure makes special provisions .for a suspen-sive appeal from a judgment of eviction. The article provides:
“An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.” (Emphasis Added)
To suspend execution of a judgment of eviction and thus defer return of possession to the lawful owner or lessor, the defendant must comply literally with the provisions of law which expressly govern the taking of suspensive appeals in such proceeding. Alexander v. Williams, 205 So.2d 456 (La.App. 1st Cir.1967). A review of the record in the present case reveals that the judgment of eviction was signed on January 12, 1984, and that the appeal bond was not filed until January 16, 1984. Under the clear provisions of LSA- *1001 C.C.P. Article 4735, the appeal was perfected too late to suspend the execution of the judgment of eviction. London Properties, v. Topakoglu, 233 So.2d 259 (La.App. 3rd Cir.1970). Ward-Steinman thus is entitled to have the suspensive appeal dismissed. Since the appeal was not timely perfected under LSA-C.C.P. Article 4735, the other issues raised on this motion to dismiss need not be discussed.
The jurisprudence requires that although an appeal may be dismissed as suspensive, it must be considered as devol-utive, if the appeal was taken within the delays for taking a devolutive appeal. Aucoin v. Williams, 291 So.2d 504 (La.App. 3rd Cir.1974). Here, the appeal was taken one day after judgment, and thus meets the requirements of LSA-C.C.P. Art. 2087, the article which provides the delay for taking a devolutive appeal.
Accordingly, the appeal is dismissed as a suspensive appeal, but maintained as a de-volutive appeal.
SUSPENSIVE APPEAL DISMISSED.