SAVOIE, Judge.
This matter is presently before the Court on a motion to dismiss the appeal of an eviction judgment as suspensive. It was filed as a writ application, but we consider such matters as motions.
Plaintiffs filed suit seeking the eviction of defendant from commercial property leased by plaintiffs to defendant. Defendant’s answer asserted an affirmative defense. It was signed by a representative of defendant (corporation), as well as by defense counsel. However, the answer was not made under oath.
Judgment was signed on March 19, 1984, in favor of plaintiffs, ordering defendant to immediately vacate the premises. On that same date, defendant moved for and was granted a suspensive appeal and posted the required bond.
Plaintiffs now seek to have the appeal dismissed as suspensive on the basis that defendant’s answer was not made under oath. Defendant argues that the fact that the answer was signed by a representative of defendant itself, not just defense counsel, should suffice.
L.S.A.-C.C.P. Article 4735 provides:
“An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under *972 oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.” (Emphasis added).
An appellant must comply literally with the requirements of this statute in order to obtain a suspensive appeal of a judgment ordering eviction. Alexander v. Williams, 205 So.2d 456 (La.App. 1st Cir.1967). See also Landry v. Barras, 434 So.2d 685 (La.App. 3rd Cir.1983); Rourke v. Cloud, 398 So.2d 57 (La.App. 3rd Cir.1981). “An affirmative defense in an eviction proceeding must be pleaded under oath personally sworn to by defendant in order to permit the subsequent taking of a sus-pensive appeal by defendant.” Estate of Boudreaux v. Verdin, 425 So.2d 873 (La.App. 1st Cir.1982).
Defendant’s argument that the personal signature of its representative should suffice may appear to be reasonable in view of the fact that L.S.A.-C.C.P. art. 863 does not require that answers, in general, be under oath. However, that Article itself contains a proviso — “except as otherwise provided by law.” The provision of L.S.A.C.C.P. art. 4735 requiring that the answer be under oath is clear and unambiguous. It may not be ignored. The authorities cited by defendant in support of its position do not support its argument.
Although the appeal must be dismissed as suspensive, it should be maintained as devolutive. See Estate of Boudreaux v. Verdin, supra.
Accordingly, the appeal is dismissed as a suspensive appeal, but maintained as a de-volutive appeal.