DOUCET, Judge.
This appeal arises from an eviction proceeding. The property at issue was seized and sold by the St. Landry Parish Sheriff’s Office on September 4, 1985. St. Landry Homestead Association, holder of a mortgage on the property, bought the property at the Sheriff’s sale. An eviction proceeding was brought by St. Landry Homestead Association against the former owners and occupants, defendant-appellants herein, Theogene and Brenda Gail Bertrand. The Bertrands represented themselves at the trial court level and on the appeal of this matter.
The record indicates that notice to vacate in the form of a registered letter, was sent to the Bertrands on September 6, 1985 and was received by them. At the eviction hearing, St. Landry Homestead Association introduced the Sheriff’s Sale and Proces Verbal as proof of ownership. A Judgment of Eviction was rendered in favor of St. Landry Homestead Association on October 11, 1985. The Bertrands appeal from that judgment.
The Bertrands allege that the district court did not have jurisdiction to hear the eviction proceeding. The property at issue is located within the 27th Judicial District for the Parish of St. Landry and all parties are residents of that Parish. Sufficiency of Service of Process is uncontested. Ás a result, the 27th Judicial District did have jurisdiction over the proceeding, and was the proper venue. However, the Ber-trands’ real argument here seems to be that they filed a motion to recuse the trial judge before the eviction hearing and that as a result, he had no authority to act. However, the record reveals that the recu-sal motion was not in fact filed until October 24, 1985, almost two weeks after the eviction hearing which occurred on October 11, 1985. “Until a judge has recused himself, or a motion for his recusation has been filed, he has full power and authority to act in the cause.” La.C.C.P. art. 153. Since the motion to recuse had not yet been filed, the trial judge had authority to act on October 11, 1985, when the hearing was had on the rule to evict, as well as on October 14, 1985, when a devolutive appeal from the Judgment of Eviction was granted. There is no indication that the Judge was a material witness, had been employed or consulted as an attorney in the cause, *33 employed the attorney handling the case to represent him personally, has performed a judicial act in the cause in another court, is the spouse or relative of any attorney, party, or spouse of any attorney or party involved in the cause, or is otherwise interested in the cause. La.C.C.P. art. 151. Accordingly, even had the motion been timely filed, there is nothing of record to indicate that grounds for recusal existed.
The Bertrands next argue that they could not be evicted by plaintiff because St. Landry Homestead had no right title or interest to the property due to formal defects in the suit for executory process, seizure and sale. However, the record reflects no substantive defects such as would invalidate the sale.
“No action may be instituted to set aside or annul the judicial sale of immovable property by executory process by reason of any objection to form or procedure in the executory proceedings, or by reason of the lack of authentic evidence to support the order and seizure, where the sheriff executing the foreclosure has either filed the proces verbal of the sale or filed the sale for recordation in the conveyance records of the parish. Any party seeking to annul or set aside a judicial sale of immovable property through ex-ecutory proceedings filed for record before the adoption of this Section must do so within six months of September 12, 1975. Nothing herein shall be construed to affect legal defenses otherwise available to any person against whom a deficiency judgment is sought after the public sale of immovable property through executory proceedings.”
La.R.S. 13:4112.
Finally, the Bertrands allege that a suspensive, rather than a devolutive appeal should have been granted.
“An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage.as he may sustain as a result of the appeal.”
La.C.C.P. art. 4735.
No answer to the eviction proceeding was filed by the Bertrands. Testimony taken at trial as to the ownership or possession of the property by the defendants does not suffice to meet the requirements of La.C.C.P. art. 4735. Estate of Boudreaux v. Verdin, 425 So.2d 873 (La.App. 1st Cir.1982). As a result, the trial court was correct in denying the suspensive appeal.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellants.
AFFIRMED.