MOTION TO DISMISS
GUIDRY, Judge.
The plaintiff-appellee, Louisiana Home Builders, Inc., moves to dismiss the suspen-sive appeal of the defendant-appellant, Loretta Z. Fontenot.
This case involves an eviction proceeding brought by the appellee on February 8, 1988. An amendment to the Rule to Evict was filed by the plaintiff on February 25, 1988. The appellant did not file an answer to the rule. Testimony was adduced at trial on March 2, 1988.
The trial court signed a judgment ordering appellant’s eviction and delivery of possession of the premises to the appellee on March 10, 1988. The appellant’s motion and order for a suspensive appeal was filed on March 11, 1988, and signed by the trial court on March 14, 1988. The suspensive appeal bond was not filed until March 17, 1988. Appellee then moved for dismissal of the suspensive appeal and alternatively for the appeal to be converted to a devolu-tive appeal.
LSA-C.C.P. art. 4735 provides:
ART. 4735. APPEAL: BOND
An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-form hours after the rendition of the judgment of eviction. The amount of the suspen-sive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.
Defendant did not answer the rule under oath, pleading an affirmative defense. The record also reveals that the appeal bond was not filed within twenty-four (24) hours after the rendition of the judgment. As the requirements of the Code of Civil Procedure for a suspensive appeal were not complied with, the appellant is not entitled to a suspensive appeal. Ward-Steinman v. Karst, 446 So.2d 999 (La.App. 3rd Cir.1984). The jurisprudence, however, has held that a timely appeal, though dismissed as suspensive, must be maintained as a devolutive appeal. Ward-Steinman supra at 1001 citing Aucoin v. Williams, 291 So.2d 504 (La.App. 3rd Cir.1974). Since the appeal was taken one day after judgment, the appeal is timely.
Accordingly, the appeal is dismissed as a suspensive appeal, but maintained as a de-volutive appeal.
SUSPENSIVE APPEAL DISMISSED AND MAINTAINED AS DEVOLUTIVE APPEAL.