NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-319

JAMES GARY GOBERT

VERSUS

DERRICK E. HALEY, ET UX.

**********

APPEAL FROM THE
LAKE CHARLES CITY COURT
PARISH OF CALCASIEU, NO. 15-672
HONORABLE JOHN STEWART HOOD, CITY COURT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Sylvia R. Cooks, James T. Genovese, and John E. Conery, Judges.

Cooks, J., dissents and assigns reasons.

SUSPENSIVE APPEAL DISMISSED, DEVOLUTIVE APPEAL MAINTAINED, JUDGMENT AFFIRMED, AND JUDGMENT RENDERED.

**Marshall J. Simien, Jr.**
**Simien Law Firm**
**Capitol One Tower, Suite 1110**
**One Lakeshore Drive**
**Lake Charles, Louisiana  70629**
**(337) 497-0022**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
 **James Gary Gobert**

**Mark M. Judson**
**Southwest Louisiana Law Center**
**1011 Lake Shore Drive, Suite 402**
**Lake Charles, Louisiana  70601**
**(337) 436-3308**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
 **Derrick E. Haley**
 **Linda Haley**

**CONERY, Judge.**

James Gary Gobert filed a petition for eviction which was granted by the Lake Charles City Court, evicting Derrick E. Haley and Linda Haley (Haleys) from Mr. Gobert's family home and awarding Mr. Gobert past due rent and attorney fees. The trial court also denied a series of procedural motions filed by the Haleys seeking to block the eviction proceedings. For the following reasons, we dismiss the Haleys' suspensive appeal, but maintain the appeal as devolutive, affirm, and render..

### FACTS AND PROCEDURAL HISTORY

Mr. Gobert is the owner of the home and property in question located at 2615 Blackwell Street, Lake Charles, Louisiana (Blackwell Street property). Mr. Gobert listed the Blackwell Street Property for sale with Mrs. Lutricia Cobb of Lutricia Cobb Real Estate. In October 2001, Mr. Gobert also signed a "Property Management Agreement" which authorized Mrs. Cobb to act as Mr. Gobert's agent for the lease and management of the property.

Without Mrs. Cobb's knowledge, Mrs. Haley contacted Mr. Gobert personally and offered to purchase the Blackwell Street property. During the conversation, Mrs. Haley explained that she and her husband had been evicted from their prior place of residence and requested permission from Mr. Gobert to allow them to rent the Blackwell Street property while they applied for a mortgage.

Mr. Gobert proposed that the Haleys enter into a six month lease with option to purchase, beginning October 1, 2012. The lease with an option to purchase provided for payment of an $800.00 monthly rental fee, with the option to purchase the property for $131,000.00 payable in cash at the end of the six month period. The Haleys never signed the lease with an option to purchase proposed by Mr.

Gobert. Instead, on October 3, 2012, the Haleys obtained from Mrs. Cobb a separate lease purchase agreement form that purported to sell the property to the Haleys for $125,000.00 payable in $800.00 monthly installments with no interest. This lease purchase agreement was only signed by the Haleys, not by Mr. Gobert or Mrs. Cobb. The Haleys recorded this lease purchase agreement in the conveyance records of Calcasieu Parish in March 2014 (Exhibit 2, Exception). Likewise, the earlier lease with an option to purchase prepared by Mr. Gobert only contained his signature when it was placed into evidence as Exhibit A in connection with his trial testimony.

When Mr. Gobert learned of the Haleys' recordation of their proposed unsigned lease purchase agreement, he immediately instructed his counsel to send written correspondence to the Haleys terminating their "lease" on the Blackwell Street property. The March 12, 2014 correspondence entitled "Termination of Lease of 2615 Blackwell Street" stated that no valid lease purchase agreement existed between the parties. Mr. Gobert, as owner, had not signed the lease purchase agreement proposed by the Haleys, and his signature was required for a sale of immovable property. Further, in the absence of a written lease, the Haleys were only occupying the Blackwell Street property on a verbal month-to-month basis with a rental payment of $800.00 per month. Additionally, more than a year had passed without the Haleys obtaining financing to purchase the Blackwell Street property, and Mr. Gobert had decided to terminate the verbal month-to-month lease and sell the property on the open market. Finally, according to Plaintiff's Exhibit B, eviction proceedings would be instituted should the Haleys refuse to vacate the Blackwell Street property.

2

After receiving the March 12, 2014 written correspondence, the Haleys refused to vacate the Blackwell Street property and continued to insist that they were the "owners." Mr. Gobert, at this point, was still willing to enter into a lease agreement beginning April 1, 2014, but the Haleys refused. The Haleys continued to occupy the Blackwell Street property without resolution of the legal conflict between the parties.

On January 13, 2015, a "TEN DAY NOTICE" to vacate the Blackwell Street property was "Posted" on the front door of the Blackwell Street property by the Lake Charles City Marshal's Office. On February 11, 2015, Mr. Gobert filed a "Petition for Eviction and Possession of Premises" (Petition for Eviction), and an order was signed by the court fixing the rule for eviction for March 2, 2015. Attached as Exhibits A and B to the Petition for Eviction were copies of the March 12, 2014 correspondence from Mr. Gobert's counsel and the "TEN DAY NOTICE" of January 13, 2015, which stated the reason the Haleys were required to vacate the property was "OWNER WANTS POSSESSION."

The February 11, 2015 Petition for Eviction and Notice of Eviction Rule were personally served on Derrick Haley, with domiciliary service on Linda Haley through Derrick on February 13, 2015. On February 23, 2015, the Haleys, pro se, filed what is styled a "Response," referred to by the Haleys' appeal counsel as their answer to the Petition for Eviction. The Haleys' response/answer filed in the Lake Charles City Court was not verified under oath and referenced Exhibits A-F, which the Haleys' appeal counsel concedes are not a part of the record of these proceedings.

On February 25, 2015, the Haleys filed three pro se motions, which were also fixed for hearing on March 2, 2015. These included a "Motion For Change of

3

Venue" requesting that the matter be transferred to the Fourteenth Judicial District Court, a "Motion For Continuance," and a "Motion For Postponement." On the morning of March 2, 2015, before the trial court could rule on their motions, the Haleys filed a pro se petition in the Fourteenth Judicial District Court, Parish of Calcasieu, entitled "Reconventional Demand for Reimbursement and Damages" (Reconventional Demand). The Reconventional Demand alleged that Mr. Gobert had breached a contract of sale, resulting in damages amounting to $53,200.00. A copy of the Reconventional Demand appears in the record of the Lake Charles City Court, but was not formally filed as a pleading or submitted as an Exhibit during the eviction proceedings.

The trial court initially addressed the Haleys' motion for change of venue, which claimed the damages sought in their Reconventional Demand filed in the Fourteenth Judicial District Court exceeded the city court's jurisdictional limit of $25,000.00. Though the Haleys' Reconventional Demand was not filed in city court, the Haleys' response/answer to the rule for eviction filed in city court claimed "ownership" of the Blackwell Street property by virtue of a lease purchase agreement with Mr. Gobert.

Prior to the beginning of the trial, the trial court informed the Haleys that the requirements for the sale of immovable property under La.Civ.Code art. 2440 required a written document signed by both parties. The trial court stressed that the Haleys' lack of a signed written agreement with Mr. Gobert to sell the Blackwell Street property to them could be fatal to their claim of "ownership." Nevertheless, the trial court allowed Mr. Haley to call Mrs. Cobb as a witness. Mr. Haley unsuccessfully attempted to elicit from Mrs. Cobb testimony supporting a valid lease purchase agreement with Mr. Gobert.

4

The trial court remained focused on Mr. Haleys' lack of a "written document signed by both parties" pursuant to the requirements of La.Civ.Code art. 2440. The trial court patiently allowed Mr. Haley every leeway as a pro se litigant, but based on the lack of a properly signed lease purchase agreement for the Blackwell Street property, the trial court denied the Haleys' three motions seeking to block the eviction proceedings.

The trial court then proceeded with the rule for eviction. Mr. Gobert was called to testify. In connection with Mr. Gobert's testimony, the following exhibits were admitted in evidence, Plaintiff's Exhibit A, the "Lease With The Option To Purchase," and Exhibit B, the January 12, 2015 "TEN DAY NOTICE" for eviction "Posted" by the Lake Charles City Marshal's Office on January 13, 2015. Mr. Gobert testified that since the posting of the "TEN DAY NOTICE," the Haleys had continued to occupy the Blackwell Street property.

Mr. Haley attempted to question Mr. Gobert in connection with the documents, which were never signed jointly by the parties, but the trial court, after once again exercising patience with Mr. Haley, terminated the questioning and granted Mr. Gobert's request for a "24-hour Notice of Eviction based on the owner wants possession of a month-to-month lease." The trial court also awarded Mr. Gobert damages for past due rent in the amount of $1,600.00 and attorney fees in the amount of $500.00.

Mr. Haley orally requested leave to file a suspensive appeal, which the trial court granted. The Haleys have lodged a timely suspensive appeal of the trial court's judgment and have obtained representation of counsel to perfect this appeal.

**ASSIGNMENTS OF ERROR**

The Haleys assert the following assignments of error on appeal:

5

1. The Trial Court erred in denying Appellant's motion to remove the matter from the Lake Charles City Court to the 14th Judicial District Court on account of the fact that the Appellant's reconventional demand was compulsory and exceeded the jurisdictional limits of the Lake Charles City Court, pursuant to [La.Code Civ.P. art. 484(B)].

2. The Trial Court erred in failing to rule that the notice to vacate was invalid and that it was not in compliance with [La.Code Civ.P. art.] 4703 because it was merely tacked to Appellant's door with no further effort to locate the Appellants for service of process.

3. The Trial Court erred in finding that the agreement between the parties was a mere month to month rental agreement and not a lease purchase agreement. Specifically, the Trial Court erred in failing to find that the Appellant had relied to his detriment upon the representations of the Appellee through his agent and the Appellee should have been estopped from advancing his cause of action for eviction.

4. The Trial Court erred in granting a money judgment in favor of the Appellee for $1,600.00 for back due rent.

5. The Trial Court erred in awarding a money judgment of $500.00 for attorney fees and judicial interest from date of demand.

## LAW AND DISCUSSION

### Standard of Review

A judgment issued by a trial court in an eviction proceeding is subject to the manifest error clearly wrong standard of review. *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989). "[A]ppellate jurisdiction of a court of appeal extends to law and facts." La.Const. art. 5, § 10(B). The appellate court must determine whether the trial court committed an error of law or made a factual finding that was manifestly erroneous or clearly wrong. *Gibson v. State*, 99-1730 (La. 4/11/00), 758 So.2d 782, *cert. denied,* 531 U.S. 1052, 121 S.Ct. 656 (2000). The reviewing court must review the record in its entirety to make this determination. *Stobart v. State, Dep't of Transp. and Dev.*, 617 So.2d 880 (La.1993).

6

However, statutory interpretations are questions of law. *Shell v. Wal-Mart Stores, Inc.*, 00-997 (La.App. 3 Cir. 3/21/01), 782 So.2d 1155, *writ denied*, 01-1149 (La. 6/15/01), 793 So.2d 1244. Although a reviewing court defers to a trial court's reasonable decision on a question or matter properly within the trial court's discretion, if the trial court's decision is based on an erroneous interpretation or application of the law, such an incorrect decision is not entitled to deference. *Kem Search, Inc. v. Sheffield*, 434 So.2d 1067 (La.1983).

### *Suspensive Appeal*

The trial court granted the Haleys' oral request for a suspensive appeal from the judgment of eviction. The trial court ordered that the Haleys post a bond in the amount of $2,400.00 within twenty-four hours, and that during the pendency of the appeal, in order to "protect the interests of both parties," the Haleys timely pay the $800.00 monthly rent into the court's registry. See *Lakewind E. Apartments v. Poreé*, 629 So.2d 422 (La.App. 4 Cir. 1993).

Louisiana Code Civil Procedure Article 4735 governs the ability of a party to file a suspensive appeal in a summary proceeding for eviction and states:

> An appeal does not suspend execution of a judgment of eviction unless the *defendant has answered the rule under oath*, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.

(Emphasis added.)

Generally, there is no requirement that an answer to a rule be filed.[1] In the case of an eviction proceeding, however, La.Code Civ.P. art. 4735 requires that an

---

[1] Louisiana Code Civil Procedure Article 2593 provides:

"affirmative defense in an eviction proceeding must be pleaded under oath[,] personally sworn to by defendant[,] in order to permit the subsequent taking of a suspensive appeal by defendant." *Estate of Boudreaux v. Verdin*, 425 So.2d 873, 873 (La.App. 1 Cir. 1982). The Haleys' response/answer to Mr. Gobert's petition for eviction was not personally verified by the required oath. Therefore, the trial court committed an error of law in granting the Haleys' oral motion for a suspensive appeal. *Ward-Steinman v. Karst*, 446 So.2d 999, 1000 (La.App. 3 Cir 1984) provides, "To suspend execution of a judgment of eviction and thus defer return of possession to the lawful owner or lessor, the defendant must comply literally with the provisions of law which expressly govern the taking of suspensive appeals in such proceeding."

### Devolutive Appeal

The Haleys timely posted the required appeal bond and appealed the judgment of the Lake Charles City Court within ten days pursuant to La.Code Civ.P. art 5002(A), which states in pertinent part, "An appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary." Therefore, the attempted suspensive appeal filed by the

---

A summary proceeding may be commenced by the filing of a contradictory motion or by a rule to show cause, except as otherwise provided by law.

Exceptions to a contradictory motion, rule to show cause, opposition, or petition in a summary proceeding shall be filed prior to the time assigned for, and shall be disposed of at, the trial. *An answer is not required, except as otherwise provided by law.*

No responsive pleadings to an exception are permitted.

(Emphasis added.)

Haleys was timely and this court retains jurisdiction to entertain this appeal as devolutive. *See Baton Rouge Bank & Trust Co. v. Coleman*, 582 So.2d 191 (La.1991).

### *Assignment of Error One - Jurisdiction*

We first address the Haleys' claim that the trial court lacked jurisdiction to rule on the petition for eviction. In assignment of error one, the Haleys state the trial court erred in failing to grant their "motion to remove the matter from Lake Charles City Court to the 14th Judicial District Court" on the basis that the Haleys' "reconventional demand was compulsory and exceeded the jurisdictional limits of the Lake Charles City Court pursuant to LA - CCP Art. 4845(B)."[2]

Louisiana Code of Civil Procedure Article 1061(B) requires that, "The defendant in the principal action . . . shall assert in a reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action."

Although the Haleys' Reconventional Demand would have been considered compulsory pursuant to La.Code Civ.P. art. 1061(B) and would have exceeded the jurisdictional limits of the Lake Charles City Court, the record is clear that the Haleys' Reconventional Demand, which is the basis of their motion for removal, was not filed in the Lake Charles City Court. As it was not properly filed into the record in city court, the Reconventional Demand could not form the basis for removal to the Fourteenth Judicial District Court or bar the city court's

---

[2] Louisiana Code of Civil Procedure Article 4845(B) states in pertinent part, "When a compulsory reconventional demand exceeds the jurisdiction of a parish or city court . . . the court shall transfer the entire action to a court of proper jurisdiction." The jurisdictional limit of the Lake Charles City Court is $25,000.00, and the Haleys' petition sought damages in the amount of $53,200.00.

consideration of the summary proceeding for eviction. Therefore, we find assignment of error one to be without merit.

***Assignment of Error Two - Notice***

Assignment of error two states the trial court erred "in failing to rule that the notice to vacate was invalid and that it was not in compliance with [La.Code Civ.P. art.] 4703 because it was merely tacked to Appellant's door with no further effort to locate the Appellants for service of process." The transcript of the hearing does not contain any objection by Mr. Haley or discussion with the trial court concerning the lack of proper notice involving the "tacking" or posting of the January 13, 2015 "TEN DAY NOTICE TO VACATE" pursuant to La.Code Civ.P. art. 4703. Louisiana Code of Civil Procedure Article 4703 clearly permits tacking of the notice to the door of the premises.

Moreover, the issue of proper notice was not raised in the eviction proceedings before the trial court, and it cannot be raised for the first time on appeal. "Generally, a court of appeal will not consider an issue which is raised for the first time on appeal. *Stewart v. Livingston Parish Sch. Bd.*, 07-1881 (La.App. 1 Cir. 5/2/08), 991 So.2d 469; Uniform Rules—Courts of Appeal, Rule 1–3." *Suire v. Oleum Operating Co., L.C*, 13-736, p. 14 (La.App. 3 Cir. 2/5/14), 135 So.3d 87, 97 (quoting *Gremillion v. Gremillion*, 10-05, p. 6 (La.App. 3 Cir. 7/7/10), 43 So.3d 1063, 1068, *writ denied*, 10-2125 (La. 12/10/10), 51 So.3d 726), *writs denied*, 14-982 (La. 8/25/14), 147 So.3d 1120 and 14-987 (La. 9/12/14), 147 So.3d 707.

Nevertheless, the record is clear the Haleys responded to Mr. Gobert's Petition for Eviction in their February 23, 2015 response/answer and appeared at the March 2, 2015 hearing. The Haleys were provided more than adequate notice

10

of the March 2, 2015 eviction proceedings. Thus, any objection to a lack of notice of the eviction proceedings was waived. We therefore find that assignment of error two is without merit.

*Assignment of Error Three - Lease Purchase or Month-To-Month Rental*

Assignment of error three states the trial court erred in finding "that the agreement between the parties was a mere [month-to-month] rental agreement and not a lease purchase agreement." Further, the trial court erred in failing to find "that Appellant had relied to his detriment upon the representations of the Appellee through his agent[,] and the Appellee should have been estopped from advancing his cause of action for eviction."

The trial court found that the October 3, 2012 "lease purchase agreement" prepared by the Haleys, which formed the basis of the Haleys' claim of ownership of the Blackwell Street property, was not signed by Mr. Gobert, the owner of the Blackwell Street property, or by his agent, Mrs. Cobb. In his trial testimony, Mr. Gobert vehemently denied ever agreeing to such a contractual arrangement, and only learned of the existence of the unsigned lease purchase agreement on March 3, 2014, when it was recorded in the conveyance records of Calcasieu Parish by Mr. Haley.

The trial court specifically cited La.Civ.Code art. 2440 as the basis for its finding that no lease purchase agreement existed between the parties. Louisiana Civil Code Article 2440 provides, "A sale or promise of sale of an immovable must be made by authentic act or by act under private signature, except as provided in Article 1839." Louisiana Civil Code Article 1839 provides, "A transfer of immovable property must be made by authentic act or by act under private signature. Nevertheless, an oral transfer is valid between the parties when the

11

property has been actually delivered and the transferor recognizes the transfer when interrogated on oath."

In an effort to support his claims of ownership under La.Civ.Code art. 1839 and detrimental reliance on the alleged oral promise of Mrs. Cobb, Mr. Gobert's agent and property manager, Mr. Haley attempted unsuccessfully to elicit testimony from Mrs. Cobb that Mr. Gobert had orally agreed to the lease purchase agreement. Mr. Gobert also testified that he had never orally agreed to such an agreement, nor had he ever authorized Mrs. Cobb to enter into a lease purchase agreement with the Haleys.

The trial court steadfastly refused to deviate from the writing requirement of La.Civ.Code art. 2440 for the valid sale of immovable property. The precepts of La.Civ.Code art. 2440 formed the basis for the trial court's judgment in favor of Mr. Gobert granting his petition for eviction. Based on the record, we find the trial court's finding of fact that a verbal month-to-month lease existed between the parties and its application of La.Civ.Code art. 2440 was not manifestly erroneous and is entitled to deference. Therefore, we affirm the trial court's ruling granting Mr. Gobert's petition for eviction.

### *Assignment of Error Four-Past Due Rent*

Assignment of error four states the trial court erred in "granting a money judgment in favor of the Appellee for $1,600.00 for back due rent." In the Petition for Eviction, the Haleys were ordered to show cause "why a judgment of eviction and immediate delivery to plaintiff of possession of the leased premises should not be granted." The Petition for Eviction is silent on the specific issue of past due rent, but prays for "such other and further legal and equitable relief as the Court deems necessary and proper." The issue of past due rent was raised in the

12

testimony of Mr. Gobert at trial when he was asked why he decided to pursue eviction proceedings against the Haleys.

Mr. Gobert testified that his decision to begin eviction proceedings was prompted by the Haleys' failure to pay the rent due for December, 2014. Prior to receiving the rent for January 2015, Mr. Gobert called to request the rent for December. Mr. Haley stated he considered the initial deposit of $800.00 constituted the December rental payment. At the time of the hearing on March 2, 2015, Mr. Haley had not paid the rent for either January or February, the January rental payment having been imputed to December.

Mr. Haley did not object to Mr. Gobert's testimony at trial that rent for January and February was past due. Mr. Haley did not deny and could not deny that the rent was due and owing, despite not completely understanding why his payment of the January rent had been imputed to the unpaid December rent.

Louisiana Code of Civil Procedure Article 1154 applies to an issue not raised in the pleadings, but heard at trial. Louisiana Code of Civil Procedure Article 1154 provides in pertinent part:

> *When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading.* Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues.

(Emphasis added.)

Therefore, although Mr. Gobert did not plead the issue of past due rent in his Petition of Eviction in the trial court, we may consider it on appeal, as the testimony on the issue of the Haleys' non-payment of rent was introduced at trial without objection. "In such an instance, we may treat the issue as if it had been

raised by the pleadings." *Lyons v. Bechtel Corp.*, 00-364, p. 9 (La.App. 3 Cir. 12/27/00), 788 So.2d 34, 41, *writ denied*, 01-282 (La. 3/23/01), 787 So.2d 996.

Louisiana Code of Civil Procedure Article 4731(A) requires in pertinent part, "The rule to show cause *shall* state the grounds upon which the eviction is sought." (Emphasis added.) Thus, as required by La.Code Civ.P. art. 4731(A), Mr. Gobert's testimony at trial that past due rent in the amount of $1,600.00 was due from the Haleys was considered by the trial court, without objection, and may now be considered as having been raised in Mr. Gobert's Petition of Eviction.

In a colloquy with the trial court during the rendition of judgment following the close of the evidence, Mr. Haley attempted to object to the trial court's decision to award past due rent. At the time of Mr. Haley's objection, the evidence was already in the record, and the trial court had made a finding that the Haleys' owed past due rent in the amount of $1,600.00.

Having found that the pleadings were expanded to allow the award of past due rent in the amount of $1,600.00, we now turn to the ability of Mr. Gobert to recover those damages in a summary proceeding. As discussed in *Devillier v. Devillier*, 439 So.2d 667, 669 (La.App. 3 Cir. 1983):

> Use of summary proceedings is limited to those matters enumerated in La.C.Civ.Pro. Art. 2592. A rule to show cause is among the authorized matters for summary procedure. However, damages are not recoverable on a rule to show cause; *in the absence of special provisions*, they may only be recovered via ordinaria. *Major v. Hall*, 263 So.2d. 22, 24 (1972).

(Emphasis added.)

Louisiana Revised Statutes 9:3259 provides the "special provisions" required for the recovery of damages in a rule to show cause pursuant to La.Code Civ.P. art. 2592.

14

Louisiana Revised Statutes 9:3259 provides:

A. Whenever any lessee of any apartment building, house, motel, hotel, or other such dwelling fails to pay rent that has become due and delinquent, within twenty days after delivery of written demand therefor made in accordance with the provisions of this Section, correctly setting forth the amount of rent due and owing, the lessee shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.

B. Delivery of written demand for purposes of this Section may be accomplished by mailing the written demand by certified mail to the last known address of the lessee, by personal delivery to the lessee or by tacking the written demand on the door of the leased premises.

C. The provisions of this Section shall apply to oral leases only.

The trial court, in its colloquy with counsel for Mr. Gobert and Mr. Haley, referenced "Title 9," which we presume is La.R.S. 9:3259. That statute, quoted above, allows the recovery of past due rent in an eviction proceeding and applies "only to oral leases." The trial court found that Mr. Gobert had entered into a month-to-month oral lease with the Haleys. The trial court's judgment applying the provisions of La.R.S. 9:3259 and awarding Mr. Gobert past due rent in the amount of $1,600.00 was properly based on the evidence adduced at trial and is affirmed.

*Attorney Fees*

Assignment of error five states, "[T]he trial court erred in awarding a money judgment of $500.00 for attorney fees and judicial interest from date of demand."[3] Mr. Gobert admits in his briefing to this court that attorney fees are not allowed as a general rule except where authorized by statute or contract. *Campbell v. Melton*, 01-2578 (La. 5/14/02), 817 So.2d 69. The trial court relied on La.R.S. 9:3259 to

---

[3] The March 4, 2015 judgment of the trial court does not contain a provision for the award of judicial interest.

15

support the award of $500.00 in attorney fees to Mr. Gobert. Louisiana Revised Statutes 9:3259 is applicable to oral leases and allows an award for attorney fees when the lessee fails to pay rent that is due, and a judgment has been rendered in favor of a lessor, such as Mr. Gobert. We have affirmed that portion of the trial court's judgment granting past due rent in the amount of $1,600.00 and likewise affirm the trial court's award of attorney fees to Mr. Gobert of $500.00.

### *Attorney Fees on Appeal*

Mr. Gobert answered the appeal and seeks additional attorney fees for work required to respond to the Haleys' appeal. The standard for an award of attorney fees on appeal is: "An increase in attorney fees is awarded on appeal when the defendant appeals, obtains no relief, and the appeal has necessitated more work on the part of the plaintiff's attorney, provided that the plaintiff requests such an increase." *Dugas v. AutoZone, Inc.*, 12-727, p. 12 (La.App. 3 Cir. 12/5/12), 103 So.3d 1271, 1279, *writ denied*, 13-45 (La. 2/22/13), 108 So.3d 775 (quoting *McKelvey v. City of DeQuincy*, 07-604, p. 11 (La.App. 3 Cir. 11/14/07), 970 So.2d 682, 690. Having affirmed the judgment of the trial court in its entirety, we award Mr. Gobert an additional $2,500.00 in attorney fees for work done on appeal.

### CONCLUSION

For the foregoing reasons, the suspensive appeal filed on behalf of Derrick E. Haley and Linda Haley is dismissed, but is maintained as a devolutive appeal. The March 3, 2015 judgment granting James Gary Gobert's petition of eviction against Derrick E. Haley and Linda Haley is affirmed. The damage award of $1,600.00 in past due rent and the award of attorney fees in the amount of $500.00 is likewise affirmed. We award an additional $2,500.00 in attorney fees for Mr. Gobert's

counsel's work done on appeal. All costs on appeal are assessed to Derrick E.

Haley and Linda Haley.

**SUSPENSIVE APPEAL DISMISSED, DEVOLUTIVE APPEAL MAINTAINED, JUDGMENT AFFIRMED, AND JUDGMENT RENDERED.**

This opinion is <u>**NOT DESIGNATED FOR PUBLICATION.**</u> Uniform Rules— Courts of Appeal, Rule 2–16.3.

JAMES GARY GOBERT

VERSUS

DERRICK E. HALEY & LINDA HALEY

**Cooks, J., dissents.**

The City Court did not have subject matter jurisdiction to hear this case. When the Haleys raised the issue of title to immovable property the City Court was required under La.CodeCiv. P. art. 4847(A)(1) to transfer the matter to district court. The lack of jurisdiction is not cured by the City Court's finding that the Haleys and Gobert had only an oral, month-to-month lease agreement, thus rendering jurisdiction after all. The resolution of even that question is reserved to the District Court. Louisiana Code Civil Procedure Article 4846 provides: "In addition to the limitation by the amount in dispute as set forth above, the jurisdiction of parish courts and city courts is limited by the nature of the proceeding, as set forth in Article 4847:"

> A. Except as otherwise provided by law, a parish or city court has no jurisdiction in any of the following cases or proceedings:
>
> (1) A case involving title to immovable property.

This case involves title to immovable property. The Haley's filed a response/answer to the rule for eviction claiming "ownership" of immovable property, namely the property at 2615 Blackwell Street, by virtue of a lease purchase agreement. Haley claims he has made payments under a lease-purchase agreement at $800.00 a month for fifteen months. These payments were made in

1

compliance with an agreement between the Haleys and Gobert's agent, Ms. Cobb. I disagree with the finding of the City Court and the majority that because there was no written agreement signed by both parties affecting immovable property there can be no valid lease purchase agreement as maintained by the Haleys. The Haleys clearly presented a well pled potential claim for detrimental reliance based on their fifteen months of payments, all accepted by Gobert and his agent and listed as "lease purchase" payments by Gobert's agent.

The trial court's and the majority's reliance on the requirement in Civil Code Article 1839 that "[a] transfer of immovable property must be made by authentic act or by act under private signature," relies on decisions involving facts occurring before the adoption of La.Civ.Code art. 1967, which became effective January 1, 1985, and misapprehends the nature of this dispute. The Louisiana Supreme Court, in *Morris v. Friedman*, 94-2808, (La. 11/27/95), 663 So.2d 19, 25, relying on this court's decision in *Ogden v. Ogden*, 93-1413, p. 5 (La.App. 3 Cir. 9/21/94), 643 So. 2d 245, 248, *writ denied,* 94-2539 (La. 1/13/95), 648 So.2d 1339, noted in footnote 11(emphasis added), ***"[t]he addition of La.C.C. art. 1967 in the Civil Code as an additional ground for enforceability of obligations may well alter this analysis."*** This fact was also noted by this court in *Morris v. People's Bank & Trust Co*., 580 So.2d 1029, 1033 (La.App. 3 Cir.), *writ denied*, 588 So.2d 101 (La.1991). Louisiana Civil Code Article 1967 (emphasis added), entitled "Cause defined, detrimental reliance" provides:

> Cause is the reason why a party obligates himself.
>
> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise.

2

Reliance on a gratuitous promise made without required formalities is not reasonable.

Indeed, in two subsequent cases this court, applying La.Civ.Code art. 1967, found the requirement that an agreement be in writing in cases involving onerous agreements controlled by Article 1967, *no longer applied after its effective date. See Dugas v. Guillory*, 97-398 (La.App. 3 Cir. 10/7/98), 719 So.2d 719 and *Cenac v. Hart*, 98-1679 (La.App. 3 Cir. 4/7/99), 741 So.2d 690. Relying on this court's decisions in these cases, the Louisiana Fifth Circuit Court of Appeals in *Rhoads v. Quicksilver Brokers*, Ltd. 01-768, p. 9 (La.App. 5 Cir. 1/14/01), 801 So.2d 1284, 1289 (emphasis added) reversed the lower court's grant of summary judgment noting:

> Plaintiff contends the "cause" argument is simply defendant's attempt to impose a suspensive condition on plaintiff's right to exercise her option, so that defendant seeks *to orally modify* the terms of the stock option agreement. Plaintiff points out that, at the time the stock option agreement was confected, Louisiana had a Statute of Frauds regarding securities that stated a contract for the sale of securities *was not enforceable unless it was in writing*. La.R.S. 10:8-319 (Repealed).
>
> In *Morris v. Friedman,* 94-2808 (La.11/27/95), 663 So.2d 19, 26, the Louisiana Supreme Court held that a claim of equitable estoppel or detrimental reliance will not lie when the law requires the contract to be in writing: "[T]here can be no recovery on the basis of equity where, as in the instant case, a positive statutory writing requirement, not adhered to, exists." *The Morris court noted, however, that the facts in the case occurred in 1984, prior to the effective date of La.C.C. art.1967...*
>
> In *Dugas v. Guillory,* 97-398 (La.App. 3 Cir. 10/7/98), 719 So.2d 719, 726, in which former employees of a company brought action against the principal for *breach of an oral promise to transfer 65% of the company's stock to the employees*, the court held that under La.C.C. art.1967 and the given circumstances of the suit, the *plaintiffs' reliance on the defendant's oral promise, although not executed in written form, was reasonable because the promise was onerous in nature.*

3

As explained in *Dugas* and in *Cenac v. Hart,* 98-01679 (La.App. 3 Cir. 4/7/99), 741 So.2d 690, 695, the 1985 enactment of La.C.C. art.1967 was controlling over the Statute of Frauds. . . .

The Louisiana Second Circuit Court of Appeals discussed the import of La.Civ. Code art. 1967 in *Benton v. Clay*, 48,245 (La. App. 2 Cir. 8/7/13), 123 So. 3d 212, 222-23 (emphasis added):

> Detrimental reliance is designed to prevent injustice by barring a party from taking a position *contrary to his prior acts, admissions, representations, or silence . . . .* This is because detrimental reliance is not based upon the intent to be bound. *Rather, the basis of detrimental reliance is the idea that a person should not harm another person by making promises that he will not keep. Thus, the focus of analysis of a detrimental reliance claim is not whether the parties intended to perform, but, instead, whether a representation was made in such a manner that the promisor should have expected the promisee to rely upon it, and whether the promisee so relies to his detriment.* *Suire v. Lafayette City–Parish Consol. Gov't, supra; Allbritton v. Lincoln Health Syst., Inc., supra.*

> FN5. Mr. Clay contends that, because the agreement to buy the property jointly with Ms. Benton was not written, the doctrine of detrimental reliance does not apply, citing *Morris v. Friedman,* 94–2808 (La.11/27/95), 663 So.2d 19. However, *since the enactment of La. C.C. art.1967, Louisiana courts have found detrimental reliance to occur despite the fact that an onerous contract may lack a requisite formality such as written execution in authentic form*, provided that the requisites of La. C.C. art.1967 are satisfied. See *Dugas v. Guillory,* 97–398 (La.App. 3d Cir.10/7/98), 719 So.2d 719.

For the reasons as stated I respectfully dissent.